## COTY, Inc., v. PRESTONETTES, Inc.

(Circuit Court of Appeals, Second Circuit. November 3, 1924.)

No. 172.

1. Stipulations ⬯18(1)—Question of unfair competition held eliminated from case by stipulation.

In a suit for infringement of trade-mark, a stipulation that the question of the form of label, etc., which might be used by defendant, should be submitted to the court, *held* to eliminate any question of unfair competition in the use of the label prescribed by the court.

2. Trade-marks and trade-names and unfair competition ⬯2—Trade-Mark Act does not discriminate between products.

The Trade-Mark Act (Comp. St. § 9485 et seq.) includes all products alike, without differentiation between a delicate product, like a perfume, and any other substance.

3. Trade-marks and trade-names and unfair competition ⬯31, 53—Trade-mark protects only against deception.

A trade-mark gives only the right to prohibit the use of it for the protection of the owner's good will against the sale of another's product as his, and if used in a way that does not deceive the public there is no sanctity in the word which prevents its being used to tell the truth.

4. Trade-marks and trade-names and unfair competition ⬯100—Form of labels to be used by defendant approved.

The form of labels prescribed by the court to be used by defendant, which used products of complainant as ingredients of its preparations, approved.

Appeal from the United States District Court for the Southern District of New York.

Suit in equity by Coty, Inc., against Prestonettes, Inc. Decree for complainant, and complainant appeals. Affirmed.

Mock & Blum, of New York City (Asher Blum, of New York City, of counsel), for appellant.

Reiss & Reiss, of New York City (Charles H. Tuttle, of New York City, of counsel), for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. The appellant, a wholesale manufacturer of perfumes and toilet articles, instituted this suit on a registered trade-mark seeking to enjoin the use of the mark "L'Origan." A preliminary injunction was granted in the District Court, restraining the defendant from selling its products with its label then in use. The court designed a form of label which it permitted the appellee to use in the sale of its products. This determination was affirmed in the Supreme Court in 264 U. S. 359, 44 S. Ct. 350, 68 L. Ed. 731. Thereafter a stipulation was entered into, providing, among other things:

"And Hon. Augustus N. Hand having consented to try the issues remaining in this case after the decision of the Supreme Court therein, said issues being confined to the form of label, placard, etc., to be used by defendant, now, then, it is agreed and stipulated, with the consent of Hon. Augustus N. Hand, that said issues in this cause to be presented to him for trial and decision." Record, pp. 28, 29, fols. 84, 85.

The court below required that, upon each bottle of rebottled perfume sold by the appellee, there be no reference to "Coty" or "L'Origan," except in the following label in plain type to be securely affixed to the bottle:

"Prestonette containing Coty's * * * (giving name of odor or perfume), rebottled by Prestonettes, Inc., N. Y., wholly independent of Coty."

As to the powder manufactured by the appellees and repackaged by it, it required the following:

"Prestonette, compounded by Prestonettes, Inc., N. Y., from * * * per cent. Coty's * * * (giving name of trademark) genuine face powder and * * * per cent. Prestonette's binder, wholly independent of Coty."

The decree further provided that, where the appellee makes and sells compacts of face powder from its own ingredients and adds thereto the unaltered perfume of the appellant, the appellee should make no reference to Coty or L'Origan, except in the following language:

"Prestonette compound by Prestonettes, Inc., N. Y., from its own ingredients, perfumed with Coty's * * * (giving the name of trade-mark) extract, wholly independent of Coty."

As to the design of these labels, it is provided:

"Every word of said statement to be in letters of the same size, color, type, and general distinctiveness, and to be equally

visible and prominent on the front of the bottle, package, or the like, save that you, the said defendant, may make 'Prestonette' more prominent, if you so desire."

While it was urged upon the former appeal, which was from the preliminary injunction (this is from a decree after final hearing), that there were no questions of fact, and that the only issue is one of law, it is now urged that questions of unfair competition are presented by the pleadings and the proof below. But for this claim there would be no need for our further consideration.

We regard the decree below as entered in conformity with the Supreme Court's decision, which held that the appellee could rebottle the perfume of the appellant and could manufacture compacts using as its ingredients the loose powder of the appellant, and could sell the same with a label stating the true facts as to the seller and the source of the ingredients and its percentages. The authoritative decision of that court announced that the appellant could not prevent or complain of the appellee's stating the nature of the component parts and the source from which they were derived, if it did not use the trade-mark in so doing, and pointed out that, if the compound was worse than its constituents, it might be a misfortune to the appellant, but that the appellant would have no cause of action, as the appellee was exercising the rights of ownership, and only telling the truth. The existence of the trade-mark would have no bearing on that question.

[1] Complaining that the decree below does not afford sufficient relief to the appellant, it urges that it presented below an issue of unfair competition. It asserts that to be founded upon the claim that the average customer is ignorant of the fact that the quality of the appellant's perfume depends upon the handling thereof by the appellee; that the customer would attribute any lack of proper quality to the appellant, and, in preparing compacts from appellant's genuine powder by a manufacturing process, it would destroy or drive off a large part of the perfume therein, and therefore this independently manufactured compact interfered with the valuable reputation of the appellant, when the only protection given to the appellant is the bare announcement of the independent compacting, which had been performed by the appellee. Further, that if the appellee added to the appellant's perfume its own ingredients, without specifying the percentage of appellant's perfume which has been utilized in the product, the public would be uninformed of the degree of responsibility of the appellant for the scent of the appellee's product. It urges that it is unfair competition in trade for the appellee to use appellant's valuable reputation for selling independently bottled and manufactured products, without some statement that the appellant is not responsible for the genuineness of the articles identified by its name and trade-mark, urging that the test of genuineness and quality is therefore substantially subjective. It urges further that the burden rests upon the appellee to establish that its products so manufactured and sold were not adulterated or inferior.

[2, 3] These several suggestions of unfair competition were eliminated from the case by the stipulation entered into by the parties and quoted above. But, as was pointed out by the Supreme Court, the fact that a delicate perfume or powder was involved gave rise to no new rights, and if the appellee's rebottling of the appellant's perfume deteriorated, it and the public is adequately informed who does the rebottling, the public, with or without the appellant's assistance, is likely to find it out, and the same is true of the powder in its new form. It is the genuineness of the article which determines the legal right, and not its delicacy. The Trade-Mark Act (Comp. St. § 9485 et seq.) does not differentiate between a perfume and any other substance. The statute includes all products. It cannot take one and reject the other. Russia Cement Co. v. Frauenhar, 133 F. 518, 66 C. C. A. 500; Apollinaris Co. v. Scherer (C. C.) 27 F. 18. A trade-mark gives only the right to prohibit the use of it, so as to protect the owner's good will against the sale of another's product as his. The United Drug Co. v. Theodore Rechtanus Co., 248 U. S. 90, 39 S. Ct. 48, 63 L. Ed. 141; A. Bourjois & Co. v. Katzel, 260 U. S. 689, 43 S. Ct. 244, 67 L. Ed. 464, 26 A. L. R. 567. When the mark is used in a way that does not deceive the public, there is no sanctity in the word, so as to prevent its being used to tell the truth. Canal Co. v. Clark, 13 Wall. 311, 20 L. Ed. 581.

[4] We think the label designed by the court below, and decreed might be used by the appellee, informs the ordinary observer that the product is that of the appellee, rebottled and repackaged by it. It fully and intelligently informs the purchasing public, and guards against any of the possibilities of dangers which are suggested in the present argument as to unfair competition. The name "Coty" is not allowed to be printed in different letters from the rest of the inscription. It in no way stands out

from the statement of facts. It states that the appellee does the rebottling of the perfume or repackaging of the powder, and gives the percentage of its binder as used in the powder. It announces to the public that the appellee is wholly independent of the appellant, and we regard it as meeting all the requirements necessary for due caution against unfair competition. We deem it unnecessary for the appellee to state that it has employed the genuine unadulterated product, of the appellant in its product. If there were any fraud or adulteration, the appellee is responsible for its product, and must suffer the consequences. There was no burden upon the appellee to offer evidence to establish that it has employed a genuine unadulterated product of the appellant in what it sells, and to so state on its labels.

Decree affirmed.