**PROCTER & GAMBLE CO. et al. v. FEDER-
AL TRADE COMMISSION.**

(Circuit Court of Appeals, Sixth Circuit. Jan-
uary 5, 1926.   Rehearing Denied
April 7, 1926.)

No. 4237.

1. **Trade-marks and trade-names and unfair
competition ☞80½, New, vol. 8A Key-No.
Series—Findings of fact by Federal Trade
Commission, supported by testimony, are
conclusive.**

Under Federal Trade Commission Act, § 5
(Comp. St. § 8836e), findings of fact by Federal
Trade Commission, supported by testimony, are
conclusive.

2. **Trade-marks and trade-names and unfair
competition ☞80½, New, vol. 8A Key-No.
Series—Trade Commission may determine
whether soap contains effective amount of
naphtha, question not being one of opinion.**

The Federal Trade Commission, in deter-
mining propriety of use of word "naphtha" in
brand name of soap, claimed to contain no ef-
fective amount of naphtha, has power to deter-
mine the minimum amount of naphtha which
is an effective amount; this being an ultimate
fact, which may be definitely established by
evidence, and not mere matter of opinion.

3. **Trade-marks and trade-names and unfair com-
petition ☞68—Labeling as naphtha soap and
soap products containing insufficient naphtha
to be effective as a cleansing ingredient held
unfair competition.**

Naming, labeling, and advertising soap and
soap products, which do not contain sufficient
naphtha to be effective as a cleansing ingredi-
ent, or to substantially enhance their value and
cleansing power, as a naphtha soap, is unfair
competition in commerce, and a violation of Act
Sept. 26, 1914 (Comp. St. §§ 8836a–8836k), cre-
ating Federal Trade Commission.

4. **Trade-names and trade-marks and unfair
competition ☞80½, New, vol. 8A Key-No.
Series—Regulatory order of Federal Trade
Commission, governing· quantity of naphtha
in soap at time of sale, held improper.**

Order of Federal Trade Commission, pro-
hibiting manufacturer from using word
"naphtha" or its equivalent in name or adver-
tising of soap or soap products, which did not
at time of and on sale to consuming public con-
tain at least 1 per cent. by weight of naphtha,
held invalid, in view of the volatile nature of
naphtha resulting in evaporation; proper regu-
lation being one based on amount of naphtha
placed in product at time of manufacture.

Petition to Review an Order of the Fed-
eral Trade Commission.

Petition by the Procter & Gamble Com-
pany and the Procter & Gamble Distribut-
ing Company to review proceedings and two
orders of the Federal Trade Commission on
complaint charging petitioners with unfair
competition.   One order affirmed, the other
vacated, and cause remanded for further
proceedings.

Frank F. Dinsmore, of Cincinnati, Ohio
(Dinsmore, Shohl & Sawyer, of Cincinnati,
Ohio, on the brief), for petitioners.

Henry A. Cox, of Washington, D. C. (W.
H. Fuller, of Washington, D. C., on the
brief), for respondent.

Before DONAHUE, MOORMAN, and
KNAPPEN, Circuit Judges.

DONAHUE, Circuit Judge.   This is a
petition to review the proceedings and orders
of the Federal Trade Commission, upon a
complaint charging these petitioners with
unfair methods of competition in commerce in
violation of the Federal Trade Commission
Act (38 Stat. 717 [Comp. St. §§ 8836a–
8836k]).

Since 1837 the Procter & Gamble Com-
pany have been engaged in the manufacture
of soap and soap products.   The Procter &
Gamble Distributing Company sells these
products.   In 1904 the Procter & Gamble
Company began the manufacture of a soap
known and advertised in the trade as "P. &
G., the White Naphtha Soap," and later com-
menced the manufacture of "Naphtha Soap
Chips" and "Star Naphtha Washing Pow-
der."   These products have a very large sale
throughout the United States.   It is charged,
among other things, in the second amended
complaint, that the respondents, by direct
statements in published advertisements, and
by names, brands, and labels, falsely repre-
sent to the public that these products made
and sold by them contain naphtha in an
amount sufficient to be effective as a cleansing
ingredient.

The Commission found from the evidence
that the petroleum distillate found in the soap
products of the respondents manufactured
between 1912 and 1920–21, was kerosene;
that kerosene is uniformly distinguished
from naphtha by the trade and the pur-
chasing and consuming public; that the
market price of kerosene is, and for more
than seven years has been, substantially low-
er than that of naphtha, and that the desig-
nation of kerosene in soap or soap products
as naphtha was a misrepresentation to and
a deception upon the public purchasing such
soap and soap products; that the soap and
soap products manufactured and sold by re-
spondents since 1920 contain less than one-
half of 1 per cent. of naphtha, and that the
use of the trade-names and brands containing
the word "naphtha," and the use of the word
"naphtha," constitute misrepresentations and
deception upon the purchasing public, for
the reason that neither of these products con-
tains naphtha in an amount sufficient to be

effective as a cleansing ingredient, or to enhance substantially their value and cleansing power.

Based upon these findings, the Commission entered an order that the respondents, the Procter & Gamble Company and the Procter & Gamble Distributing Company, their respective officers, agents, representatives, servants, and employés, "do cease and desist, in the course of commerce as defined in said act of Congress, from:

"(1) Using the word 'naphtha,' or its equivalent, in the brand name of any soap or soap product offered for sale or sold by respondents, or otherwise incidental to its advertisement and sale, if and when such soap or soap product contains the petroleum distillate known and sold as kerosene, and the word 'naphtha' is so used to designate the addition of said kerosene to or its presence in such soap or soap product.

"(2) Using the word 'naphtha,' or its equivalent, in the brand name of any soap or soap product offered for sale or sold by respondents, or otherwise incidental to its advertisement and sale, if and when such soap or soap product normally contains at the time of and upon its sale to the consuming public, no naphtha or naphtha in an amount of 1 per cent. or less by weight thereof."

[1] Under the provisions of section 5 of the Federal Trade Commission Act (Comp. St. § 8836e) the findings of fact by the Commission, if supported by testimony, are conclusive. We do not think it important whether kerosene is, or is not, naphtha in a scientific or legal sense. The question is whether the consuming public recognizes a distinction between the two, and believe and understand that a soap containing naphtha is a better cleansing agency than a soap containing kerosene. Upon this proposition the finding of the Commission is sustained by substantial evidence.

The findings by the Federal Trade Commission that the soap products manufactured by the respondent and marketed under the names above mentioned contain sometimes no naphtha, and never more than approximately one-half of 1 per cent. by weight, and that this amount of naphtha is not sufficient to be effective as a cleansing ingredient, or substantially to enhance their value and cleansing power, are sustained by substantial evidence.

[2] It is claimed, however, on the part of the petitioners, that the amount of naphtha to be used as an ingredient in the manufacture of soap or soap products, in order to be effective as a cleansing ingredient is a matter of opinion only. With the conclusion drawn by the petitioners we cannot agree. Some difficulties may be encountered in determining the minimum amount of naphtha necessary to be used in order to enhance the cleansing power of soap and soap products; but whether defendant's products do or do not contain a sufficient amount to be effective in any degree as a cleansing ingredient is an ultimate fact that may be definitely established by the evidence. For this reason we think the case of American School of Magnetic Healing v. McAnnulty, 187 U. S. 94, 23 S. Ct. 33, 47 L. Ed. 90, has no application.

[3] This court is also of the opinion that the naming, labeling, and advertising of a soap or soap product as naphtha soap, which does not contain sufficient naphtha to be effective as a cleansing ingredient, and substantially to enhance their value and cleansing power when used by the consuming public, are unfair methods of competition in commerce, and constitute a violation of the act of Congress approved September 26, 1914, entitled "An act to create a Federal Trade Commission, to define its powers and duties, and for other purposes."

[4] These conclusions reached by this court upon the questions presented by this record would require an affirmance of order No. 2, entered by the Commission, were it not for the fact that it further appears from the evidence that naphtha is a volatile matter, and that, if soap or soap products containing naphtha do not speedily reach the consumer, a large, but indeterminate, amount of naphtha will escape by evaporation. For this reason the order of the Commission that the soap or soap products of the respondents must contain naphtha in an amount of more than 1 per cent. by weight at the time they are sold to the consuming public is, for the reasons stated, wholly impossible of performance, unless an unreasonably large amount of naphtha is used in their manufacture. The amount of naphtha that may evaporate before reaching the consumer depends largely upon circumstances over which the respondents have no control. For this reason we think the order, if any order is to be made, should be directed to the amount of naphtha respondents should be required to put into their soap and soap products at the time of manufacture.

This is a question that involves the consideration of a great many facts not disclosed by the record. For this reason, order No. 2 is vacated, and the cause remanded to the Federal Trade Commission, to take such

further evidence as it may think necessary and pertinent, and to make such further order, if it so desires, in reference thereto, as it may conclude to be necessary and proper. Order No. 1 is affirmed.