## COTY, Inc., v. LEO BLUME, Inc., et al.

Circuit Court of Appeals, Second Circuit.
March 19, 1928.

No. 251.

**I. Injunction ⬅️136(2)—Perfume company held entitled to preliminary injunction against officer of rival concern selling perfume blend under officer's agreement not to be connected with rebottling of plaintiff's perfumes.**

Perfume company, suing corporation and officer for injunction to restrain unfair competition, *held,* entitled to preliminarily enjoin officer's participation in business of selling plaintiff's product as one ingredient of blend of perfume produced by defendant corporation, where officer had agreed with plaintiff never to be connected with any business which included rebottling or sale of plaintiff's perfumes.

**2. Injunction ⬅️136(2)—Contract of officer not to rebottle plaintiff's perfumes held not to warrant preliminary injunction against corporation.**

Existence of contract between plaintiff corporation and officer of defendant corporation, whereby officer agreed not to rebottle or sell plaintiff's perfumes, *held,* not to warrant granting of preliminary injunction against defendant corporation's use of such perfumes in preparation of its blended product.

**3. Trade-marks and trade-names and unfair competition ⬅️68(3)—Company producing compound product under label referring to competitor's products should state percentage used, without emphasizing name of competitor.**

Company producing compound blend, using label which refers to competitor's product as constituting ingredient of blend, should state percentages of products which have gone into compound, and should not give greater prominence to competitor's name than to any other words on label which describe the compound.

**4. Trade-marks and trade-names and unfair competition ⬅️95(4)—Perfume company held entitled to preliminary injunction against competitor selling perfume compound under label referring to plaintiff's product without giving percentage used.**

Corporation selling perfume *held,* entitled to preliminary injunction to restrain competitor from sale of compound product under label which described its product as a blend in which plaintiff's perfume was used, where label failed to state percentage of plaintiff's product.

**5. Trade-marks and trade-names and unfair competition ⬅️95(4)—Failure of label to state that defendant's perfume containing plaintiff's product had different odor, and unidentified unfair advertisements did not alone warrant temporary injunction.**

Failure of label on perfume bottles to state that compound product produced by defendant did not have odor of plaintiff's product, which was used as ingredient, and fact that statements in defendant's advertisements tended to show intent to deceive, did not alone warrant granting of preliminary injunction, where it was not shown that purchasers were deceived by omissions in label, or that defendants were connected with the publication of the advertisements.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Coty, Inc., against Leo Blume, Inc.; and others. From an order denying plaintiff's motion for preliminary injunction, plaintiff appeals. Reversed and remanded.

The bill of complaint alleges two causes of action—the first charging trade-mark infringement and unfair competition; the second violation of a contractual duty. The suit was originally against three defendants, a New York corporation by the name of Leo Blume, Inc., and two individuals; but the plaintiff voluntarily dismissed the complaint against defendant Feinberg. The two remaining defendants answered, and the motion for a preliminary injunction came on to be heard upon the verified bill, their answer, and several affidavits on behalf of each side. The motion was denied without opinion.

From the verified bill and affidavits the following facts appear without contradiction: The plaintiff, a corporation organized under the laws of Delaware, has succeeded to the business in the United States of a well-known French manufacturer of perfumes, which plaintiff manufactures and sells under the registered trade-mark "Coty." Leo Blume, Inc., is the selling agent of a concern which trades under the name of Blendsco, its business being the manufacture of perfumes compounded of well-known makes of perfume plus ingredients called "Blendsco blender." Leo Blume individually is an officer and salesman of the corporation which bears his name. The defendants, with knowledge of plaintiff's trade-mark, have sold bottles of a Blendsco preparation under the following label:

| | |
|---|---|
| No. 10 | |
| Genuine Ext. | |
| BLENDS of | |
| Guerlain's | **Guarantee.** |
| Shalimar & | The sale under an accurate label |
| Coty's Rose | of genuine rebottled perfumes to |
| Jacq. & | which have been added an independently made blender or binder |
| 60% Blendsco | does not infringe upon any manu- |
| Blender | facturer's rights. U. S. Supreme |
| Rebottled by | Court, Vol. 264, U. S. Rep. p. 359, |
| Blendsco | U. S. Cir. Court of Appeals, Vol. |
| in N. Y. | 3, Fed. Rep., 2d Series, p. 984. |
| wholly | |
| independent | |
| of Guerlain | |
| & Coty. | |

It is admitted that this preparation does not have the odor, color, or general appearance of either Guerlain's Shalimar or Coty's

Rose Jacqueminot, referred to in the label, but, on the contrary, has an odor and characteristics wholly different from either. It does not remotely suggest the fragrance of Coty's Rose Jacqueminot. Such sales are charged by the plaintiff to be unfair competition and an infringement of its trademark. An injunction was asked to restrain the defendants "from putting out their perfume compound above mentioned with the use of the name 'Coty' in any manner whatever."

Plaintiff also demands an injunction on the basis of a contract between it, as party of the second part, and Leo Blume and Le Blume Import Company, Inc., as parties of the first part. This contract, made in settlement of prior litigation reported in (C. C. A.) 293 F. 344, contained the following clause:

" * * * The parties of the first part severally and jointly and permanently agree to give up and never become connected with in any manner any business which includes the rebottling and or sale of party of the second part's perfumes, * * * and generally speaking the bottling, manufacture and or sale of any perfume, toilet preparation or cosmetic or other material (with the exception above [below] mentioned) with the use in any manner of the name 'Coty' or 'L'Origan' or any other name or trademark which would in any way connect the party of the second part with any perfumes, toilet preparations or cosmetics, or other material, save that, as before [below] mentioned, the parties of the first part and each of them reserve the right to resell the genuine products of the plaintiff in their original condition and in their original containers or packages."

Mock & Blum, of New York City, for appellant.

Hartman, Sheridan & Tekulsky, of New York City, for appellees.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). [1] In the absence of any appearance by the appellees, we are left without light as to the theory upon which the individual defendant, Leo Blume, escaped an injunction restraining him from conduct which appears to be exactly what he had bound himself not to do by the above-quoted contract. He covenanted never to become connected with any business which includes rebottling or sale of Coty's perfumes, ex-

cepting only their resale in original packages. He is an officer and salesman of the corporate defendant, whose business certainly includes selling plaintiff's products as one ingredient of the "blend." No reason occurs to us why his negative covenant is not valid and enforceable. He should be enjoined from violating it.

[2] As to the corporate defendant, the contract is not its obligation, and nothing is shown to indicate its assumption by Leo Blume, Inc. The bill alleges that the corporation is a mere dummy to cover the operations of the individual, but his affidavit denies this. If the corporation is to be subjected to a preliminary injunction, it must be on the basis of unfair competition or trade-mark infringement.

In Prestonettes, Inc., v. Coty, 264 U. S. 359, 44 S. Ct. 350, 68 L. Ed. 731, it was held that the purchaser of a trade-marked article may combine it with other ingredients and sell the compound under a truthful label. Such conduct violates neither the rights of the owner of a registered trade-mark nor, without more, the rules of fair competition. After the Supreme Court decision, the District Court devised a label in the following form:

"Prestonette, compounded by Prestonettes, Inc., N. Y., from —— per cent. Coty's (giving name of trade-mark) genuine face powder and —— per cent. Prestonettes' binder, wholly independent of Coty."

The court also ordered:

" * * * Every word of said statement to be in letters of the same size, color, type and general distinctiveness, and to be equally visible and prominent on the front of the bottle, package or the like, save that you, the said defendant, may make 'Prestonette' more prominent, if you so desire."

[3, 4] This decree was affirmed by this court in Coty, Inc., v. Prestonettes, Inc., 3 F.(2d) 984. It is true that the appeal was brought by the plaintiff, who sought even broader protection, and that the defendant in that litigation raised no objection to the form of the decree; consequently our decision was not an actual holding that a repacker or rebottler, whose label refers to competitors' products, must state the percentages of those products which have gone into his compound. But we think such a requirement entirely reasonable. Buyers ought to know how much of the Coty perfume they are getting; that is a reasonable protection to plaintiff, as they may buy on the Coty name, and it is no burden on the seller, if he is honestly trying to sell the compound on its own merits. For

the same reasons it is also proper that no greater prominence should be given to the name "Coty" than to other words in the label which describe the compound, but the seller may make more prominent his own name, or that of the manufacturer "Blendsco," if he so desires.

[5] The plaintiff also argues that the word "blend" does not truthfully describe the Blendsco compound (see Proctor & Gamble Co. v. Fed. Trade Comm., 11 F.(2d) 47 [C. C. A. 6]), and that the label should state that the product does not have the odor of Coty's Rose Jacqueminot, because purchasers unfamiliar with that fragrance, but acquainted with its general reputation, might be deceived into thinking there was a resemblance in odor. See Warner & Co. v. Lilly & Co., 265 U. S. 526, 44 S. Ct. 615, 68 L. Ed. 1161. There is no evidence that purchasers have been so deceived. Some of the statements in advertisements attached to one of plaintiff's affidavits tend to show an intent to so deceive, and, in our opinion, clearly violate rules of fair competition, but nothing is disclosed to connect the defendants with the publication of these advertisements, so as to require interference by preliminary injunction on that ground. The precise form of the temporary injunction which should issue we do not feel called upon now to dictate.

The order is reversed, and the suit remanded to the District Court for the entry of a decree in conformity with this opinion.