47 F.3d 1173
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wilbert HALL, Defendant-Appellant.
 No. 94-1703.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 6, 1995.*
Decided Feb. 15, 1995.
 
 Before ENGEL, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 On a prior appeal, 9 F.3d 576, 588-91 (7th Cir.1993), we affirmed Wilbert Hall's conviction but vacated his sentence because, we concluded, the record did not demonstrate that he had been a leader or organizer of an organization involving five or more criminal participants. The district court resentenced Hall without this enhancement, and he has again appealed.
 
 
 2
 This time Hall contends that the district judge should have reduced his Guideline range by two levels for acceptance of responsibility. No such argument was made on the first appeal, and the contention has therefore been waived. A remand for resentencing is not an occasion to seek novel reductions; its function is to correct the problems identified on appeal. The lack of a reduction for acceptance of responsibility was not such a problem.
 
 
 3
 At all events, Hall's contention is untenable. He did not plead guilty or even admit the factual allegations while offering a legal defense. He entered a general plea of not guilty, put the prosecution to its proof on all elements of the offense, and argued (unsuccessfully) on his first appeal that the ensuing conviction should be set aside. Now he tells us that he was willing to plead guilty and refrained from doing so only because he thought the likely prison sentence excessive. As we remarked in United States v. Gomez, 24 F.2d 924, 926 (7th Cir.1994), falsely denying complicity in an effort to avoid the just deserts of crime, and 'fessing up only after conviction in a last gasp effort to reduce the sentence, is "the antithesis of acceptance of responsibility." No more need be said.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This successive appeal has been submitted to the original panel under Operating Procedure 6(b). The panel heard oral argument on the initial appeal and is unanimously of the view that a second argument is unnecessary
 
 
 **
 Of the Sixth Circuit, sitting by designation