(No. 5101.   April 17, 1929.)

OREGON SHORT LINE RAILROAD COMPANY, a Corporation, Appellant, v. PUBLIC UTILITIES COMMISSION OF THE STATE OF IDAHO, Respondent.

[276 Pac. 970.]

Geo. H. Smith, H. B. Thompson and J. H. McEvers, for Appellant.

BUDGE, C. J.—The Oregon Short Line Railroad Company filed a petition with the Public Utilities Commission for leave to discontinue an agent at its station at Heyburn. Protests were filed on behalf of the citizens of Heyburn, and the matter came on for hearing before a member of the Commission at Heyburn. The application was denied, as well as a petition for rehearing, and the Railroad Company has appealed to this court. It is contended that the proof adduced at the hearing clearly supported the petition and the right of the carrier to discontinue the agency, and that the findings of the commission constituted an arbitrary denial of the right to a decision supported by evidence.

Heyburn is situated between the county seats of Rupert and Burley, being 6.1 and 2.2 miles from each, respectively. It formerly had a larger population and more business than at present, having been outgrown considerably in both by the near-by towns mentioned. It now maintains but two stores, and an estimated population of 200. Much of the smaller lots of freight and merchandise are hauled to and from Heyburn by automobile. There is no other place on the system of the Oregon Short Line where two stations are so close together as at Heyburn and Burley, and numerous other small towns on the line having more railroad business than Heyburn are nonagency stations. The Railroad Company proposed that, if the agency were discontinued at Heyburn, the station would be kept open for the convenience of passengers, and during the winter-time and in inclement weather the waiting-room would be kept heated. Less than carload lots of freight consigned to Heyburn would be protected by being locked in the freight room of the station, with a key thereto being left with one of the responsible citizens of the town who would permit it to be used by the consignee for the purpose of removing his shipments. Outbound carload lots would be handled by telephoning orders for cars either to Burley or Rupert, following which the cars would be set out, and after loading, a bill of lading would be delivered by the conductor and regular billing issued at the next station. This sort of business has been

handled very successfully in such manner at other non-agency stations. In order for the Heyburn station, with an agent, to bear its proportionate share of the computed cost of transportation for the whole system the business transacted from such station would have to amount to twice as much as it now handles, and the saving effected by the discontinuance of the agent would be approximately $1,800 per annum.

Based upon the finding of the Commission that "public convenience and necessity will require *during the shipping season* the continuation of the maintenance of said reporting agency at Heyburn," the evidence clearly did not justify the conclusion that the Railroad Company was not entitled to any relief whatever; and it is apparent from this finding that during the months other than what is termed the shipping season (specified in the findings as from July to November, inclusive), an agent was not required. We are of the opinion, therefore, that the Commission did not regularly pursue its authority in failing to allow the discontinuance of the station agent at Heyburn during months of the year not included in the shipping season.

"An order based upon a finding made without evidence (*The Chicago Junction Case*, 264 U. S. 258, 263, 44 Sup. Ct. 317, 68 L. ed. 667), or upon a finding made upon evidence which clearly does not support it (*Interstate Commerce Commission v. Union Pacific R. R. Co.*, 222 U. S. 541, 547, 32 Sup. Ct. 108, 56 L. Ed. 308), is an arbitrary act against which courts afford relief." (*Northern Pac. Ry. Co. v. Department of Public Works*, 268 U. S. 39, 45 Sup. Ct. 412, 69 L. ed. 837.)

We are required in such a case as this to enter judgment either affirming or setting aside the order of the Commission. (Sess. Laws 1921, chap. 72, p. 141, sec. 3.) From what has been said it follows that the order must be, and it is hereby, set aside. We would, however, call attention to the final provision of sec. 3 of chap. 72, *supra,* which reads:

"In case the order of the commission is set aside the commission, upon its own motion or upon motion of any of

the parties, may alter or amend the order appealed from to meet the objections of the court in the manner prescribed in Section 2501 of the compiled statutes."

Givens, Wm. E. Lee and Varian, JJ., and Adair, D. J., concur.