158 P.2d 851

### STATE v. ROMERO.
### No. 4858.

Supreme Court of New Mexico.

May 17, 1945.

See also 49 N.M. 127, 158 P.2d 850.

C. C. McCulloh, Atty. Gen., Harry L. Bigbee, Asst. Atty. Gen., and Geo. E. Remley, Sp. Atty., for Division of Liquor Control, Bureau of Revenue, of Santa Fe, for appellant.

R. Cunningham and Chas. B. Barker, both of Santa Fe, for appellee.

LUJAN, Justice.

This is an appeal from a judgment of the District Court of Santa Fe County, setting aside an order of the Chief of Division of Liquor Control, revoking the liquor license issued to Eustaquio Romero, d/b/a Lensic Bar in the City of Santa Fe, New Mexico.

The Chief of Division of Liquor Control, appellant, filed a charge against appellee under Section 1703, Chapter 236, New Mexico Session Laws of 1939, N.M.S.A.1941, Sec. 61-603, seeking to revoke his license upon the ground that he had served intoxicating liquor to a minor.

The Section which appellant contends the appellee violated and relies upon as a ground for the revocation of the license is Sec. 1202(a), Chap. 236, New Mexico Session Laws 1939, N.M.S.A.1941, Sec. 61-1012, which reads as follows:

"It shall be a violation of this act for any club, retailer, dispenser, bartender, waiter or servant or employee of any club, retailer or dispenser, or for any taxi driver, hotel employee or any other person, except the parent or guardian of any minor, or adult person into whose custody any court or the parent or guardian of any minor has committed such minor for the time, outside of the actual, visible personal presence of such minor's parent, guardian or the adult person into whose custody any court or the parent or guardian of such minor has committed such minor for the time, to do any of the following acts:

"(1) To sell, serve or give any alcoholic liquor to a minor.

"(2) To buy alcoholic liquor for, or to procure the sale or service of alcoholic liquor to, a minor.

"(3) To deliver alcoholic liquor to a minor.

"(4) To aid or assist a minor to buy, procure or be served with alcoholic liquor."

In the hearing held before the Chief of Division of Liquor Control, both the division and the appellee were represented by counsel, and the testimony material to the hearing was adduced.

Ben Baca, a Tobacco Tax Inspector for the State, testified as follows:

"Q. Tell the Chief what you saw in that place. A. Mr. Gomez and I went in there. We saw two women sitting at a table. We sat down and we ordered drinks and I began to talk to Mrs. Leonides Rougomont. I asked them if they wanted a drink and they said 'yes.' I ordered them a drink

and asked Mr. Gomez to loan me a dollar and I would pay for the drinks. (Tr. 13)

"Q. You ordered a drink for yourself? A. Yes, sir.

"Q. They were already sitting down? A. Yes, sir.

"Q. You ordered the drinks and you paid for them? A. Yes, sir. I asked the girls what they wanted." (Tr. 14)

Tony Gomez, a Liquor Inspector for the Chief of Division of Liquor Control, testified as follows:

"Q. Tell the Chief what you saw. A. We went out that night, Mr. Murphy, Mr. Algire, Mr. Baca and myself looking things over. Mr. Murphy and Mr. Algire went in the Lensic Tavern to investigate. Mr. Murphy came out and asked about the girl in the long blue dress and said that she doesn't look like she is twenty-one. Mr. Baca and I went in and there were two ladies sitting at the table. We sat down at the next table. I got to talking and joking with them. Then Mr. Baca talked to them and asked them if they would like a drink. They ordered two rum cokes and about that time she (Mrs. Rougomont) danced. I got up and went over to the table where Ernestine Lopez was sitting. She said that she had been married to a soldier from the hospital out here for two months. I asked her if she wasn't a little young to be married and she said that she was seventeen years old. (Tr. 14-15)

"Q. Did you order the drinks? A. The girls ordered the drinks themselves. The drinks were brought to their table and we paid for them." (Tr. 15)

At the conclusion of the hearing, the Chief of Division of Liquor Control made and entered an order as follows:

"* * * and the Chief of Division having heard the facts and being fully advised in the premises, finds: the defendant guilty, as charged.

"It is therefore ordered that New Mexico Dispenser's License No. 1821, issued to the said Eustaquio Romero d/b/a 'Lensic Tavern', be, and the same hereby is, revoked at 12: Noon, May 1, 1944."

The appellee appealed to this District Court of Santa Fe County from the order revoking his license as provided by Section 1705(a) of the act of 1939, N.M.S.A.1941, Sec. 61-605, which reads as follows:

"* * * Any licensee aggrieved by any finding or findings of guilt or order of suspension shall have the right within thirty (30) days after the entry of such finding to appeal to the district court of Santa Fe County for a review of such finding, findings and/or order of suspension or revocation of license. The appeal shall be taken by filing a petition for review in the district court of Santa Fe County setting forth the grounds of complaint against any finding of guilt or order of suspension or revocation. The matter on appeal shall be heard by the judge of said court without a jury, and such court shall hear such appeal at the earliest possible time granting the matter of the appeal a preference on the

docket. The judge, for good cause shown, may receive evidence in such proceedings in addition to that appearing in the record of hearing and shall set aside and void any order or finding which is not sustained by, or has been overcome by, substantial, competent, relevant and credible evidence."

The case was tried in the lower court upon a transcript of the testimony adduced before the Chief of Division of Liquor Control and without the introduction of any additional evidence in the matter.

At the conclusion of the hearing in the District Court the trial judge held that the finding of the Chief of Division of Liquor Control was not sustained "by any substantial evidence." Thereupon the Court entered its order setting aside and holding for naught the order of revocation previously made and entered by the Chief of Division of Liquor Control, as aforesaid. It is from such order of the Chief of Division that this appeal is prosecuted as hereinabove stated.

While three separate errors are assigned by the appellant, all resolve themselves into the single question whether the trial court's holding that the order of revocation entered by the Chief of Division of Liquor Control is not sustained by any substantial or credible evidence.

Unfortunately, we have not been favored with a brief by the appellee upon the decisive question. As a result we have been called upon to examine with exceptional care the same transcript of testimony reviewed by the District Court to test the accuracy of its holding. Happily in such circumstances we are in as good position as was the District Court to make this test, using as we do, the same transcript of testimony examined by it. Cf. Gallup Electric Light Co. v. Pacific Imp. Co., 16 N.M. 86, 113 P. 848; Lohman v. Reymond, 18 N.M. 225, 137 P. 375; Warren v. Kornegay, 20 N.M. 225, 147 P. 1197; Bolles v. Pecos Irr. Co., 23 N.M. 32, 167 P. 280; Bradford v. Armijo, 28 N.M. 288, 210 P. 1070; Davidson et°al. v. Enfield, 35 N.M. 580, 3 P.2d 979.

In Chiordi v. Jernigan, 46 N.M. 396, 129 P.2d 640, 643, we considered the nature and effect of the hearing before the District Court under this statute. We noted that no provision is made on appeal for a trial de novo and that jury trials are specifically excluded. Among other things we said:

"The proceedings before the Chief of Division, while quasi judicial, were essentially administrative. The questions before the district court and here, are questions of law. They are, Whether he acted fraudulently, arbitrarily or capriciously in making his order, and, Whether such order was supported by substantial evidence, and, generally, Whether the Chief of Division acted within the scope of the authority conferred by the liquor control act."

Also see Floeck v. Bureau of Revenue, 44 N.M. 194, 100 P.2d 225.

Whether under our holding in Chiordi v. Jernigan, supra, the district court may set aside an order of the Chief of Division of Liquor Control on the ground that substan-

tial evidence heard by the Chief of Division of Liquor Control has been "overcome" by new and additional evidence, also substantial, heard by the district court, is something we need not go into in this case because here no additional evidence was introduced.

It seems obvious to us from a review of the testimony of the witnesses quoted above, that it affords substantial evidence supporting the order of revocation entered by the Chief of Division of Liquor Control, if he was entitled to accept the same as credible. Apparently, the trial judge deemed the same incredible and hence unsubstantial. Our careful review of the evidence fails to satisfy us that this testimony falls within the rule applied in State v. Armijo (on rehearing), 35 N.M. 533, 2 P.2d 1075, as being so inherently improbable as to be unworthy of belief, unless the mere circumstance, standing alone, that the State's witnesses were engaged in a species of entrapment renders it so. Such is not the law and we decline to so hold. Hence, it cannot be said as a matter of law that the evidence supporting the order of revocation made in the first instance is unsubstantial and incredible.

It follows from what has been said that the judgment under review must be reversed and the cause remanded to the District Court with a direction to set aside its judgment and enter another affirming the order of the Chief of Division of Liquor Control.

It is so ordered.

MABRY, C. J., and SADLER, BICKLEY, and BRICE, JJ., concur.