208 P.2d 1073

## STATE ex rel. TRANSCONTINENTAL BUS SERVICE, Inc. v. CARMODY.

No. 5199.

Supreme Court of New Mexico.

Aug. 3, 1949.

H. A. Kiker, Santa Fe, Chas. C. Spann, Santa Fe, for relator.

John C. Watson, Santa Fe, for respondent.

Moses & Vaught, Albuquerque, Seth & Montgomery, Santa Fe, amici curiae.

SADLER, Justice.

This is a proceeding invoking our original jurisdiction in prohibition, instituted in the name of the State on the relation of Transcontinental Bus System, Inc., against Honorable David W. Carmody as Judge of the First Judicial District of the State of New Mexico, sitting within and for the County of Santa Fe, to restrain him from remanding to State Corporation Commission a cause pending before him in which the Santa Fe Trails Transportation Company, a corporation, and another are plaintiffs and State Corporation Commission and the three commissioners constituting its personnel, are defendants, numbered 21,034 on the civil docket of said court. The action pending before the respondent judge was instituted by the plaintiffs to set aside

as unlawful, or unreasonable, an order of said commission made and entered on June 30, 1947, granting a certificate of public convenience and necessity to named individuals doing business as "Geronimo Lines" to operate a passenger, baggage express and mail service on certain routes, or portions thereof, over which the relator already held a like certificate to operate. The action was instituted pursuant to the provisions of 1941 Comp. § 68-1363.

Following a hearing before the respondent in which the files of the Corporation Commission were submitted in evidence, including a transcript of testimony taken before the Commission aggregating more than 2,000 pages, briefs were filed and the cause was taken under advisement by him. In due course he advised counsel for both sides of his purpose to remand the cause to Corporation Commission for further hearing on the question of the adequacy of existing facilities over the routes in question. Thereupon, the relator applied for and sought prohibition against respondent, basing the right to such relief upon two grounds, to-wit; (a) that the respondent was about to exceed his jurisdiction in granting a remand of said cause to the Corporation Commission; and (b) that even if the threatened action should be held within the jurisdiction of the trial court as jurisdiction is construed in prohibition cases, we should prohibit, in the exercise of our superintending control over district courts, to prevent error reasonably calculated to work great and irreparable harm to relator. These grounds will be taken up and considered in their order.

Turning then to relator's right to prohibition, it appears the trial court has jurisdiction both of the parties and of the subject matter. Hence, prohibition may not properly be invoked to stay the commission of threatened error, if error it is, a question yet to be resolved. Counsel for relator argue with much earnestness that the order of remand to State Corporation Commission, if made as respondent proposes to do, will represent the exercise of an excess of jurisdiction, citing Hammond v. District Court, 30 N.M. 130, 228 P. 758, 39 A.L.R. 1490; State v. Medler, 19 N.M. 252, 142 P. 376; and State ex rel. Lynch v. District Court, 41 N.M. 658, 73 P.2d 333, 113 A.L.R. 746.

It may be admitted that there are in the opinions in some of these cases, especially the Medler and Hammond cases, certain statements lending support to counsel's claim that if great harm and expense will result through failure to prohibit, as where the remedy by appeal is wholly inadequate, the discretion of this court will be moved to prohibit, even though the trial court is moving within its jurisdiction. In other words, statements implying that prohibition is a discretionary writ even when applied for on jurisdictional grounds. It

should be pointed out, however, that what is said on the discretionary character of the writ in the Medler case, relates to its use in the exercise of our superintending control over inferior courts.

If it ever was the law in this state that discretion is a material factor when considering the right to the writ on jurisdictional grounds, it was repudiated and abandoned as early as the case of Gilmore v. District Court, 35 N.M. 157, 291 P. 295, and the rule there announced has been followed over the years since then. See State ex rel. St. Louis, Rocky Mountain & Pacific Co. v. District Court, 38 N.M. 451, 34 P.2d 1098; State ex rel. Heron v. District Court, 46 N.M. 290, 128 P.2d 451; Mares v. Kool, 51 N.M. 36, 177 P.2d 532, and State ex rel. Prince v. Coors, 52 N.M. 189, 194 P.2d 678.

Counsel argue as though cases in which the writ is issued to restrain the trial court from exceeding its jurisdiction, as in State ex rel. Lynch v. District Court, supra, represent a modification of the unbending character of the rule that prohibition will not lie if the trial court has jurisdiction of both the parties and the subject matter. But such is not the case. In no sense do these cases represent a modification or liberalization of this cardinal rule, since to the extent the court proposes to exceed its jurisdiction, there is a want of jurisdiction, both over the parties and the sub-

ject matter. To such extent any judgment rendered by it would be a complete nullity and subject to collateral attack. For instance, absent prohibition in State ex rel. Lynch v. District Court, supra, any order of the district court authorizing the receiver to levy and collect the special tax involved would have been absolutely void. Cf. Walls. v. Erupcion Mining Co., 36 N.M. 15, 6 P.2d 1021, and State ex rel. Davie v. Bolton, N.M., 206 P.2d 258.

We think the present case is not one calling for our writ for want of jurisdiction in respondent to take the threatened action. Had he issued the order of remand, even erroneously, relator could not safely have ignored same with the idea of later making a successful collateral attack upon it. This leaves for decision whether we should issue the writ in the exercise of our superintending control over the court presided over by respondent. We turn now to a consideration of this question. In resolving it, first and necessarily we must decide whether in an action instituted by a party in interest under 1941 Comp. §§ 68-1363, 68-1364, 68-1366 and 68-1367, L.1933, c. 154, §§ 51 to 54, incl., to set aside an order of the Corporation Commission as being unlawful or unreasonable, the district court may properly remand the cause to the Commission for the taking of additional testimony on a material issue, in the meantime suspending decision on the validity of the order being

reviewed. The pertinent sections of the statute mentioned read:

"Sec. 51. (a) Any motor carrier and any other person in interest being dissatisfied with any order or determination of the Commission, not removable to the Supreme Court of the State of New Mexico under the provisions of Section 7, Article XI of the Constitution of the State of New Mexico, may commence an action in the District Court for Santa Fe County against the Commission as defendant, to vacate and set aside such order or determination, on the ground that it is unlawful, or unreasonable. In any such proceeding the court may grant relief by injunction, mandamus or other extraordinary remedy. In any such action the complaint shall be served with the summons.

"(b) The answer of the Commission to the complaint shall be served and filed within twenty days after service of the complaint, whereupon said action shall be at issue without further pleading and stand ready for trial upon ten days' notice.

"(c) Any person not a party to the action, but having an interest in the subject thereof, may be made a party.

"(d) All such actions shall have precedence over any civil cause of a different nature, and the District Court shall always be deemed open for the trial thereof, and the same shall be tried and determined as other civil actions without a jury.

"Sec. 52. Every action to vacate or amend any determination or order of the Commission or to enjoin the enforcement thereof or to prevent such order or determination from becoming effective shall be commenced, and every appeal to the courts or right of recourse to the courts shall be taken or exercised within ninety days after the entry or a rendition of such order or determination, the right to commence any such action, or to take or exercise any such appeal or right of recourse to the courts, shall terminate absolutely at the end of such ninety days.

"Sec. 53. Any party to said action, within sixty days after service of a copy of the said order or judgment of the District Court, may appeal to the Supreme Court, and the cause shall be placed on the calendar of the then pending term and shall be assigned and brought to a hearing in the same manner as other causes on the calendar.

"Sec. 54. In such actions and proceedings in court all processes shall be served and the practice and rules of evidence shall be the same as in civil actions, except as otherwise provided."

It may be taken as well established that in a proceeding for statutory review, the court must act within the bounds of the statute conferring its jurisdiction to review and where the measure of its power is to determine whether the questioned or-

der is unlawful or unreasonable, ordinarily it can only approve or vacate the order. 42 Am.Jur. 686; 51 C.J. 78, 81; State v. Public Service Commission, 324 Mo. 270, 23 S. W.2d 115; Baum v. Industrial Commission, 288 Ill. 516, 123 N.E. 625, 6 A.L.R. 1242; Vander Werf v. Board of Railroad Com'rs, 58 S.D. 586, 237 N.W. 909; Chicago, M. & St. P. Ry. Co. v. Public Utilities Commission, 41 Idaho 181, 238 P. 970; Oregon Short Line R. Co. v. State Public Utilities Commission, 47 Idaho 482, 276 P. 970. Cf. Havemeyer v. Public Service Commission of Puerto Rico, 296 U.S. 506, 56 S.Ct. 360, 80 L.Ed. 357.

It is strongly argued by counsel for respondent and amici curiae that notwithstanding the doctrine mentioned and the decisions supporting it, we have approved a contrary rule in Harris v. State Corporation Commission, 46 N.M. 352, 129 P.2d 323. It is what we said in our opinion in that case likening the proceedings for review under L.1933, c. 154, § 51, 1941 Comp., § 68-1363, to those authorized by N.M. Const. Art. 11, § 7, on removal from State Corporation Commission to the Supreme Court, especially as discussed in Seward v. Denver & R. G. R. Co., 17 N.M. 557, 131 P. 980, 986, 46 L.R.A.,N.S., 242, that apparently affords aid and comfort to counsel and amici curiae in this branch of their argument. The Seward case was before us on removal by the Commission to enforce its order on the carrier to furnish depot facilities to the public at Tres Piedras, a station on its line north of the capital at Santa Fe.

It is to be observed from a reading of the constitutional provision mentioned, which governs removals from the Commission to the Supreme Court, that upon removal by the Commission itself to secure enforcement of its order, additional evidence may not be allowed; whereas, when removal is by the company or carrier involved, the Supreme Court may, "upon application in its discretion, or of its own motion, require or authorize additional evidence to be taken in such cause." Touching these somewhat novel provisions, in the Seward case we said:

"It is also provided that, when the case is removed to this court by the Commission, 'no additional evidence shall be allowed.' If the case has been removed here by the defendant, the 'Supreme Court may, upon application in its discretion, or of its own motion, require or authorize additional evidence to be taken in such cause.' We must confess that this provision of the Constitution has required a great deal of consideration to enable us to arrive at what we believe to have been the purpose and intent of the framers of the instrument in this regard. It has been suggested that the proper solution is that, in the event of a failure on the part of the company affected to remove the cause,

it is our duty to affirm the order of the Commission and carry into effect its determination; that the court, in such event, is not required to look into the question of the reasonableness or lawfulness of the order. We do not, however, believe that such was the intent, but rather that the court should, in either event, from the evidence adduced, determine such questions and mete out justice to the company and to the public. That being true, the only purpose or design, in giving to the company the right to remove the cause, was that such party could make a showing to the court that new evidence had been discovered or new facts developed which would have a material bearing upon the matter, and thus give to the court the power to remand the cause to the Commission for the taking of such further testimony; or, to give to the court, where the cause was removed by the company, and it found the evidence not altogether satisfactory in some respect, or upon some point, power to remand the cause and require the taking of additional testimony. In brief, then the difference between the two methods, as we understand it, is that where the cause is removed by the Commission, this court must determine the lawfulness and reasonableness of the order upon the evidence adduced, even though it may appear to the court that other facts might be produced, which might show the order to be unreasonable. Where the cause is

removed by the company, it gives to the court more latitude, and enables it to require additional testimony before arriving at an ultimate determination of the question. We believe it was the intention to, in all cases, accord to both parties a judicial hearing, upon the merits."

In the Seward case we were dealing with a method of review provided by the constitution for testing the lawfulness and reasonableness of an order of the Commission, whereas in the Harris case we dealt with a statutory method of review for testing an order of the Commission in exactly the same respects, viz., whether lawful and reasonable, with the difference that in the constitutional method of review, subject to the conditions named, the Supreme Court was expressly authorized to remand the cause to the Commission for the taking of additional testimony, whereas under the statutory method, as to orders subject to review, the statute was silent on the subject of remand. In other words, while expressly enjoining the district court to decide whether the questioned order is lawful and reasonable, the statute has in it no language similar to that found in the constitution authorizing it to remand for specified purposes. May it do so without some such language? This is the question we are called upon to resolve. Counsel for respondent and amici curiae say we will find an answer to the

query in what we said in Harris v. State Corporation Commission, supra. Let us see.

After careful study of the language employed by us in the Harris case, we find nothing to warrant the inference that in drawing an analogy between the two methods of review, the one constitutional and the other statutory, we intended to carry the analogy further than to liken them in respect to the purpose and policy inherent in each. After adverting to the duty of the Commission under the statute as being primarily legislative as contradistinguished from that of the court which is judicial in character, we said [46 N.Mex. 352, 129 P.2d 327]:

"This purpose and policy is not unlike the purpose and policy declared in §§ 7 and 8 of Art. XI of our Constitution. Pioneer work had been done by the Constitution makers and by our court in the Seward, the Seaberg and other cases, and it is interesting to note that when the draftsmen of the act said in § 51, that an action could be commenced in the District Court to set aside an order of the Commission 'on the ground that it is unlawful, or unreasonable' they employed the identical phrase employed in the Seward case to describe the limits of the scope of judicial review by the Supreme Court of orders of the Commission on removal.

"Also, it is interesting to note that § 51 recognizes that some orders of the Commission made pursuant to the powers vested by the 1933 Act are removable to the Supreme Court under the provisions of § 7 of Art. XI of the Constitution.

"It is only orders not so removable which may be the basis of an action in the District Court under the provision of Sec. 51 of the statute.

"It would be unfortunate and confusing if there prevailed one standard of the scope of judicial review in cases removable to the Supreme Court under the provisions of § 7 of Art. XI of the Constitution, and a different standard in cases removable to the District Court under the procedure provided in § 51 of the act, and § 53 which gives an appeal to the Supreme Court from the District Court. There is nothing in the act which indicates an intent to accomplish such an incongruous situation.

"Counsel for Appellee contends that in the removal of a cause pending before the Commission under § 51, etc., of the Act, the trial before the District Court is a trial de novo. This view is repelled distinctly by what we said in the Seward Case."

The question primarily for decision in the Harris case was whether there should be a trial de novo in the district court. Observing that the legislature in the statute

used the identical phrase in stating the ground upon which a questioned order of the Commission might be set aside, viz., as "unlawful or unreasonable," that had been employed in the Constitution as the basis for setting aside Commission orders brought into the Supreme Court upon removal proceedings, we were struck by the analogy. Accordingly, we had no difficulty in holding the review under the statute must be confined to settling the question of law specified in the statute—the lawfulness and reasonableness of the order. We did not intend to project the analogy beyond that point. That our language in some measure does yield itself to such a construction is demonstrated, we think, by the fact that counsel for respondent and amici curiae seem not to be alone in so interpreting it. Relator's counsel themselves at one point in the proceedings in the district court formally moved for remand of the cause for the purpose of taking additional testimony before the Commission. They thus cannot be too critical of respondent's position in claiming a power to remand which they themselves once affirmed him to possess.

Aside from reliance upon the language employed by us in our opinion in the Harris case, respondent's counsel and amici curiae who support their position, quote language from 42 Am.Jur. 689 and from an annotation in 153 A.L.R. 1028 to the effect that the general rule, even in the absence of statute, affirms the right of the reviewing court to remand the cause for further proceedings before the administrative board whose order is being reviewed. We do not find the cases support such a statement. The editor of the A.L.R. annotation cites only the statement in 42 Am.Jur. 689 and 2 Vom Baur Federal Administrative Law, p. 750.

The leading case cited by the text in American Jurisprudence is that of Ford Motor Co. v. National Labor Relations Board, 305 U.S. 364, 59 S.Ct. 301, 83 L.Ed. 221. It is the case most relied upon by respondent's counsel and amici curiae. The order reviewed was one by the National Labor Relations Board. The statute involved, National Labor Relations Act, 49 Stat. 449, in Section 10(e) thereof, 29 U.S.C.A. § 160(e), provided:

"If either party shall apply to the court for leave to adduce additional evidence and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the hearing before the Board * * *, the court may order such additional evidence to be taken before the Board, * * * and to be made a part of the transcript."

In its opinion in the Ford Motor Company case, the Supreme Court through the late Chief Justice Hughes said:

376

"The jurisdiction to review the orders of the Labor Relations Board is vested in a court with equity powers, and while the court must act within the bounds of the statute and without intruding upon the administrative province, it may adjust its relief to the exigencies of the case in accordance with the equitable principles governing judicial action. The purpose of the judicial review is consonant with that of the administrative proceeding itself,—to secure a just result with a minimum of technical requirements. The statute with respect to a judicial review of orders of the Labor Relations Board follows closely the statutory provisions in relation to the orders of the Federal Trade Commission, and as to the latter it is well established that the court may remand the cause to the Commission for further proceedings to the end that valid and essential findings may be made. Federal Trade Comm. v. Curtis Publishing Co., 260 U.S. 568, 580, 583, 43 S.Ct. 210, 214, 67 L.Ed. 408; International Shoe Co. v. Federal Trade Comm., 280 U.S. 291, 297, 50 S.Ct. 89, 91, 74 L.Ed. 431; Federal Trade Comm. v. Royal Milling Co., 288 U.S. 212, 218, 53 S.Ct. 335, 337, 77 L.Ed. 706; Proctor & Gamble Co. v. Federal Trade Comm., 6 Cir., 11 F.2d 47, 48, 49; Ohio Leather Co. v. Federal Trade Comm., 6 Cir., 45 F.2d 39, 42. Similar action has been taken under the National Labor Relations Act in Agwilines, Inc., v. National Labor Relations Board, 5 Cir., 87 F.2d 146, 155. See, also, National Labor Relations Board v. Bell Oil & Gas Co., 5 Cir., 91 F.2d 509, 515. The 'remand' does not encroach upon administrative functions. It means simply that the case is returned to the administrative body in order that it may take further action in accordance with the applicable law. See Federal Radio Comm. v. Nelson Brothers Co., 289 U.S. 266, 278, 53 S.Ct. 627, 633, 77 L.Ed. 1166 [89 A.L.R. 406]."

In every case cited in the quotation next above, the Supreme Court was dealing with a congressional act containing specific authority to remand for further proceedings. See 38 Stat. 717, Ch. 311, § 5, for statutory provision giving specific authority to remand in Federal Trade Commission cases; also, 49 Stat. 449, Ch. 372, § 10(e) for such authority in National Labor Relations Board cases; and 44 Stat. 1162, Ch. 169, § 16, for specific authority to remand in the Federal Radio Commission case.

Indeed, so far as the writer's research goes (and it has been extensive) not a single case has been found in which the cause was remanded to an administrative board or authority for further proceedings as, for instance, taking of additional testimony, that lacks the sanction of statutory or constitutional authorization for the remand. The citation of 2 Vom Baur Federal Administrative Law by the editor of the an-

notation in 153 A.L.R. 1028, as is equally true of his citation of 42 Am.Jur. 689, lends no support to the claim that the general rule, *even in the absence of statute,* favors power in the reviewing court to remand for further proceedings before the administrative board. The most that can be said of them is that the statements support each other.

Naturally, all cases cited by Vom Baur are federal cases dealing with federal administrative boards such as Federal Trade Commission, National Labor Relations Board and Federal Radio Commission, as to each of which, as the cited cases show, specific authority exists to remand for stated purposes. Illustrative of the type of cases mentioned we may cite Howard Sports Daily v. Weller, 179 Md. 355, 18 A. 2d 210; State ex rel. Crown Coach Co. v. Public Service Commission, 238 Mo. App. 287, 179 S.W.2d 123; City of Poteau v. American Indian Oil & Gas Co., 159 Okl. 240, 18 P.2d 523, and Great Northern Ry. Co. v. Department of Public Works, 161 Wash. 29, 296 P. 142 (See § 10428, Rem. Comp.Stat.). In each case express constitutional or statutory authority to remand for specified purposes will be found to exist.

The kind of remand we are here talking about is one for the taking of additional testimony preliminary to deciding reasonableness or lawfulness of the order under review, as enjoined by the statute. Of course, when the reviewing court has decided this basic question, if judgment vacating the questioned order be entered, then with or without any formal order of remand, the cause will stand remanded to the administrative board for the conduct of such further proceedings as lie within its statutory powers. 2 Vom Baur on Federal Administrative Law 775, § 790; Federal Trade Commission v. Goodyear Tire & Rubber Co., 304 U.S. 257, 58 S.Ct. 863, 82 L.Ed. 1326.

It will be apparent from what has been said that, as we view the matter, the respondent as trial judge could not properly remand the cause to the Corporation Commission for the taking of additional evidence. He could only determine the questioned order to be reasonable or unreasonable, lawful or unlawful, on the record made before the Commission and approve, or disapprove, the same accordingly. To be sure, he might conclude the order was reasonable and lawful, in part, and invalid, in part. In such event, he could amend the order so as to approve the valid part only. 1941 Comp. § 68-1364, L. 1933, c. 154, § 52. Such action, however, must rest upon the record made before the Commission. There is no authority in the statute for taking additional evidence, either before the Commission through a remand, or before the district court itself. Cf.

State v. Romero, 49 N.M. 129, 158 P.2d 851; M. R. Prestridge Lumber Co. v. Employment Security Commission, 50 N.M. 309, 176 P.2d 190. Having so determined, the question remains whether the present case presents facts which call upon us to prohibit the impending order of remand in the exercise of our superintending control over inferior courts. N. M.Const. Art. 6, § 3. We think it does.

We are reminded by counsel for relator that at the hearing in the district court a transcript of the testimony adduced before the Commission, consisting of 2160 pages, which would have to be transcribed incident to an appeal, was introduced in evidence, along with certain motion pictures which had been shown at the hearing before the Commission. They also point out that the order of remand is not an appealable order whose validity may be tested prior to entry of final judgment in the present cause in the district court; that during all this time there would be nothing to prevent the applicant from commencing and continuing operations under the certificate of public convenience and necessity authorized by the order being reviewed. Counsel say that by reason of these facts any remedy by appeal from final judgment, when finally entered would be wholly inadequate and accompanied by unbearable expense and delay. It is on such facts and circumstances they base their right to the writ applied for through exercise of superintending control reposed in us by the constitution. N.M.Const. Art. 6, § 3.

It is not often we have been called on to consider the conditions under which we will exercise this power of superintending control. State ex rel. Harvey v. Medler, 19 N.M. 252, 142 P. 376; State ex rel. Meyers Co. v. Raynolds, 22 N.M. 473, 164 P. 830; State v. Roy, 40 N.M. 397, 60 P.2d 646, 110 A.L.R. 1; Albuquerque Gas & Electric Co. v. Curtis, 43 N.M. 234, 89 P.2d 615. The matter has been considered often enough in the cases cited, however, for us to reach some definite conclusions as to when it is appropriate to exercise the power and the means of doing so. It can be taken as settled that this control may not be invoked to perform the office of an appeal. State v. Medler, supra. On the other hand, even though the trial court be moving within its jurisdiction and the threatened action be error only, as distinguished from a want of jurisdiction as well, this court may intervene by an appropriate writ in an exercise of its power of superintending control, if the remedy by appeal seems wholly inadequate. State v. Raynolds, supra; or where otherwise necessary to prevent irreparable mischief, great, extraordinary, or exceptional hardship; costly delays and unusual burdens of expense. Albuquerque Gas & Electric Co. v. Curtis, supra.

Measured by the foregoing tests, we think this case presents facts calling

for an exercise of the power. Prohibition seems an appropriate writ for its exercise in the case at bar. Accordingly, the alternative writ heretofore issued will be made absolute.

It is so ordered.

BRICE, C. J., and LUJAN, McGHEE, and COMPTON, JJ., concur.