483 P.2d 498

In the Matter of Donald Wayne
Willoughby, D. V. M.

Donald Wayne WILLOUGHBY, D. V. M.,
Appellee,

v.

BOARD OF VETERINARY EXAMINERS,
State of New Mexico, Appellant.

No. 9130.

Supreme Court of New Mexico.

March 29, 1971.

James A. Maloney, Atty. Gen., James C. Compton, Jr., Asst. Atty. Gen., Santa Fe, for appellant.

Sosa, Garza & Neumeyer, Las Cruces, for appellee.

**444**

OPINION

McMANUS, Justice.

This action was initially heard before the Board of Veterinary Examiners of the State of New Mexico. The appellee, Donald Wayne Willoughby, D.V.M., appeared before the Board at its request on the matter of suspending or revoking his license to practice veterinary medicine in New Mexico. After hearing, the Board suspended appellee's license for 180 days and placed him on probation for the 180 days following. This decision was appealed to the District Court of Dona Ana County. The court reversed the Board's decision. The Board appeals.

The complaints filed with the Board in the first instance concerned the professional conduct of the appellee. A number of witnesses were heard by the Board. The complaints ran from the failure of the doctor to communicate with the owners of animals he was treating; failure to inform animal owners of actual conditions concerning an animal; failure to inform owners of deaths of animals under his care; failure to administer timely treatment to animals; improper record controls on animals; failure to maintain clean and sanitary conditions at the animal hospital; lack of proper control over animals, and misrepresentation to the public that one of the members of his staff was a doctor of veterinary medicine.

■ Although the appellee complains of hearsay having been received into evidence by the Board, the applicable statute, § 67–26–11, N.M.S.A. 1953 (Repl. Vol. 10, pt. 1, 1961), clearly contemplates that a board may admit and consider hearsay evidence, if it is of a kind commonly relied upon by reasonably prudent men in the conduct of serious affairs. However, the revocation or suspension of a license to conduct a business or profession must not be based solely upon hearsay evidence, and other legally competent evidence, together with the hearsay evidence, must substantially support the findings upon which the revocation or suspension is based. Young

v. Board of Pharmacy, 81 N.M. 5, 462 P.2d 139 (1969). Upon consideration of the entire record, we are of the opinion the Board's findings of fact are supported by substantial evidence.

Under the Uniform Licensing Act, § 67–26–20, N.M.S.A. 1953 (Repl. Vol. 10, pt. 1, 1961), the scope of review of the district court upon appeal from the board excludes evidence not offered at the hearing,

"except that in cases of alleged omissions or errors in the record, testimony thereon may be taken by the court. The court may affirm the decision of the board or remand the case for further proceedings; or it may reverse the decision if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: in violation of constitutional provisions; or in excess of the statutory authority or jurisdiction of the board; or made upon unlawful procedure; or affected by other error of law; or unsupported by substantial evidence on the entire record as submitted; or arbitrary or capricious."

We hold that the trial judge substituted his own judgment in reversing the decision of the Board, rather than basing his reversal upon any of the grounds set forth in § 67–26–20, supra.

■ Appellee also refers to an incident where one of the board members was absent during part of the testimony and was apparently rounding up a witness to testify at the hearing. However, there is nothing to indicate that the Board as a whole was biased or prejudiced toward appellee. Compare McCaughtry v. New Mexico Real Estate Commission, 82 N.M. 116, 477 P.2d 292 (1970). Further, the appellee alleges that the language of § 67–11–20 (Supp., Repl. Vol. 10, pt. 1, 1961), in setting up certain grounds for revocation or suspension of a professional license, is too vague as to establish reasonable guidelines. This Court has previously held that a board need not specify by regulation or

rule those acts deemed unprofessional. See Young v. Board of Pharmacy, supra. It would seem logical that the above conclusion is due in part to general standards of ethics and practice which are adhered to in a profession. It is reflected that the Board complied with all of the prerequisites and requisites of the Uniform Licensing Act, §§ 67–26–1 to 67–26–28, 1953 Comp. (Repl. Vol. 10, pt. 1, 1961).

However, there is no language within the Uniform Licensing Act, §§ 67–26–1 to 67–26–28, supra, which gives the Board the power to place the appellee on probation after the period for which his license has been suspended. An administrative body has only such authority as is given to it by law. Continental Oil Company v. Oil Conservation Commission, 70 N.M. 310, 373 P.2d 809 (1962).

In accordance with this opinion, the trial court is hereby directed to enter an order affirming the decision of the Board as to suspension of appellee's license, but reversing it as to the probationary period imposed after termination of the suspension.

It is so ordered.

TACKETT and OMAN, JJ., concur.