(No. 25618.—

THE BROTHERHOOD OF RAILROAD TRAINMEN, Appellee, *vs.*
THE ELGIN, JOLIET AND EASTERN RAILWAY COMPANY,
Appellant.

*Opinion filed June 14, 1940.*

HARRY I. ALLEN, and PAUL R. CONAGHAN, (KNAPP,
ALLEN & CUSHING, of counsel,) for appellant.

JOHN E. CASSIDY, Attorney General, and ABRAM A. SCHWARZBACH, (HARRY R. BOOTH, and GEORGE H. O'BRIEN, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The Brotherhood of Railroad Trainmen, (hereinafter referred to as the plaintiff,) filed a complaint, which it twice amended, with the Illinois Commerce Commission against the defendant, the Elgin, Joliet and Eastern Illinois Railway Company, a belt line railway operating from Joliet to points elsewhere in Illinois and in Indiana. Plaintiff alleged that the defendant was endangering the lives, health, safety and comfort of its trainmen and switchmen by failing to service the caboose cars operating on its road in this State (1) with drinking water and ice, and (2) with proper containers and drinking cups. The defendant interposed a motion to dismiss and filed an answer, each challenging the sufficiency of the second amended and supplemental complaint, the jurisdiction of the commission, and, in its application to the alleged facts, the validity of the Public Utilities act. By its final order, the commission denied the motion to dismiss, and directed the defendant (1) to furnish the ice and water containers, and drinking cups, in the cabooses on its trains operating in Illinois, (2) to require its supplymen in its East Joliet yard (a) to fill and replenish the containers, certain qualifications being prescribed as to the source of the water supply, and (b) to maintain an adequate supply of drinking cups. Upon appeal, the circuit court of Cook county found that the commission had jurisdiction and that its findings were supported by the evidence, but that the portion of its order which required the service to be performed by specific employees, was arbitrary and void. The court therefore decided that "as to such portions of the order requiring the furnishing of water and ice service

and drinking cups to be done by certain specific employees of the company, the order is reversed and set aside and as to all the other parts of the order, it is hereby affirmed." From this order the defendant has prosecuted an appeal.

The only question requiring consideration is whether the order of the circuit court exceeded its jurisdiction. The defendant contends that the commission's order was, in effect, modified or revised, while the plaintiff maintains that it was·composed of several parts, each of which the court had authority to, and did, separately determine.

Section 68 of the Public Utilities act, (Ill. Rev. Stat. 1939, chap. 111⅔, par. 72, p. 2527,) so far as pertinent to the propriety of the order, provides: "Any person or corporation affected * * * may appeal to the circuit or superior court * * * for the purpose of having the reasonableness or lawfulness of the rule, regulation, order or decision inquired into and determined." Said appeal "shall be entered upon the records of said circuit or superior court and shall be tried therein without formal pleadings, but otherwise according to the rules governing other civil cases so far as the same are applicable. * * * No new or additional evidence may be introduced * * * but the appeal shall be heard on the record of the commission as certified to by it. The findings and conclusions of the commission on questions of fact shall be held *prima facie* to be true and as found by the commission; and a rule, regulation, order or decision of the commission shall not be set aside unless it clearly appears that the finding of the commission was against the manifest weight of the evidence, * * * or that the (order) was without jurisdiction of the commission. If it appears that the commission failed to receive evidence properly proffered, * * * the court shall remand the case to the commission with instructions to receive the testimony so proffered and rejected, and to enter a new order based upon the evidence theretofore taken and such new evidence as it is directed to receive."

We have recently held that the Commerce Commission must conform its orders to the specific requirements and limitations of the act of the legislature from which its authority is derived. (*Rockwell Lime Co.* v. *Commerce Com.* 373 Ill. 309.) Similarly, the circuit court, upon an appeal from an order of the commission, exercises a statutory, and not a general appellate jurisdiction, and is restricted in the exercise of its powers, including the orders it may enter, to those expressly delegated. (*Commerce Com.* v. *Chicago and Eastern Illinois Railway Co.* 332 Ill. 243; *People's Gas Light and Coke Co.* v. *City of Chicago,* 309 id. 40.) The only issue presented for its consideration is the reasonableness and lawfulness of the commission's order, upon which issue the court's inquiry is confined to the jurisdiction of the commission, the sufficiency of the evidence, and the preservation of constitutional rights. (*South Chicago Coal Co.* v. *Commerce Com.* 365 Ill. 218; *City of Chicago* v. *Commerce Com.* 356 id. 501; *Moline Consumers Co.* v. *Commerce Com.* 353 id. 119.) Additional evidence may not be considered, and the court is without authority to try the case anew upon the record, to substitute its judgment for that of the commission, or in any manner to modify or revise the commission's order. (*Commerce Com.* v. *Chicago Railways Co.* 362 Ill. 559; *Commerce Com.* v. *Chicago and Eastern Illinois Railway Co. supra; Alton and Southern Railroad* v. *Commerce Com.* 316 Ill. 625.) Unless the case is remanded as provided by the statute, namely, if it appears that the commission failed to receive evidence properly proferred, the court is permitted to follow but one of two authorized courses. If the order of the commission is lawful and reasonable, it must be confirmed, if it is not, it must be set aside. *People's Gas Light and Coke Co.* v. *City of Chicago, supra.*

Our recent decision in *People* v. *Fisher,* 373 Ill. 228, concerning the jurisdiction of a reviewing court with respect to the form of its orders upon statutory appeals, ap-

plies with equal force and peculiar pertinency to the present situation: "There is no dispute that where a statute grants the right of judicial review by *certiorari,* and prescribes the authority of the reviewing court as to orders, the language is limitative, and authority not directly given is excluded. * * * At common law the jurisdiction of a court to review by *certiorari* was definitely and decisively fixed; therefore, any effort to enlarge that jurisdiction must be stated in the statute, for such enlargement is not to be accomplished by judicial interpretation. * * * The court can not restrict or enlarge the meaning of an unambiguous statute."

In the light of the foregoing authorities, the statutory permission granted by section 68 of the Public Utilities act to inquire into the lawfulness and reasonableness of the commission's orders refers only to the issue presented, and is not, as insisted by the plaintiff, a definition or enlargement of the powers of the reviewing court with respect to the orders it may enter. Nor can it be said, as the plaintiff urges, that by providing an appeal shall be tried according to the rules governing civil cases, the statute broadened the authority of the court. Since the express language refers only to procedural rules, the mere statement of this contention carries its own answer of condemnation.

The argument of the plaintiff supporting the propriety of the order of the circuit court is, in final analysis, that the confirmation of a severable part of the commission's order, and a reversal as to the other portion, is within the limitation that the court must either set aside or confirm. In reality, an examination discloses that the portions referred to are not independent and severable, but are interdependent both in grammatical construction and legal effect. Apart from this, however, only one order of the commission, and upon it only one issue was presented for review, and the jurisdiction of the court does not extend to a determination of its separate divisions, but only to the decision of the

commission as an integrated entity. The consideration of each paragraph, or portion of a paragraph of the commission's order, as a decision complete within itself or the expression of the court's decision in terms other than of amendment, does not avoid the inescapable conclusion that the circuit court has limited, diminished, and changed the form and effect, and, therefore, has actually modified and revised the order of the commission. We see no reason for changing our views as expressed in *People* v. *Fisher, supra.*

The jurisdiction of this court, under section 69 of the Public Utilities act, to review orders of the circuit court which have been entered upon appeal from decisions of the Commerce Commission cannot be invoked in the absence of a final order of the circuit court, rendered in conformity with the mandate of section 68 of the act. As the circuit court, in the present case, neither confirmed nor set aside the decision of the commission, it follows, necessarily, that it has not finally disposed of the issue presented, in accordance with its delegated jurisdiction and authority.

The order of the circuit court of Cook county is therefore reversed and the cause is remanded, with directions to enter an order in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*