STATE EX REL., RAILWAY EXPRESS AGENCY, INC., A CORPORATION, APPELLANT, v. PUBLIC SERVICE COMMISSION OF MISSOURI, RESPONDENT.—169 S. W. (2d) 88.

Kansas City Court of Appeals. March 1, 1943.

*Wm. R. Gentry* and *Allen McReynolds* for appellant.

*H. S. Marx* of counsel.

*John P. Randolph* and *Lester G. Seacat* for respondent.

CAVE, J.—This is an appeal from a judgment of the Circuit Court of Cole County sustaining orders of the Public Service Commission.

The appellant filed an amended petition before the Public Service Commission, which, after stating in some detail the nature of the operations of appellant (Railway Express Agency) and the character of service performed by it, more particularly in connection with its free pick-up and delivery service, and after reserving the right to claim exemptions from any and all provisions of the Missouri Bus and Truck Act, prayed the Commission to find that in respect to the transportation of property moving by express, the entire movement, including terminal collection and delivery whenever required or provided, is subject to Article 3, Chapter 33, and Articles 1, 2 and 3 of Chapter 35 of R. S. Mo. 1939, and that no certificate or permit, under the Missouri Bus and Truck Law (Art. 8, Ch. 35, R. S. Mo. 1939), is or may be required.

After an extended hearing, the Commission made certain findings and orders which will be discussed later.

Appellant is engaged in the transportation of property by express throughout the continental United States, and is subject to the regulations of the Inter-State Commerce Commission, as to inter-state express operations, and to the regulations of the Missouri Public Service Commission, as to express operations in this State. It is a corporation organized under the laws of the State of Delaware and was organized in accordance with the plan designated as "Report and Plan for Future Conduct of Express Business," dated June 21, 1928, which had as its objective to provide for the future conduct of the express business through a separate agency, but in effect a joint agency or facility of the railroads, controlled by them through stock ownership, which agency, after deductions required for its expenses in carrying on the business, would distribute all revenues received by it among its principals on the basis of the express business transacted on their respective lines. It became the exclusive agent for substantially all the railroads in the United States for the conduct of the express transportation business. It was not organized for the purpose of making a profit for itself, and can have no net income and may not pay dividends.

The transportation service provided by express companies has always included, within certain designated zones, the collection of shipments by vehicle from the residence or place of business of the shipper and the delivery thereof by vehicle to the residence or place

of business of the consignee without additional charge. This was the practice of appellant's predecessor companies and has been and is the practice of appellant. This service is referred to as "free pick-up and delivery service."

It seems this proceeding grows out of a threatened attempt on the part of the City of St. Louis to subject the motor vehicles owned by appellant and used by it exclusively in the free pick-up and delivery of express traffic in said city, to certain requirements of the Missouri Bus and Truck Act, and because of such threats on the part of said City, appellant filed its petition seeking to have its rights and status determined with reference to the Bus and Truck Act. The City of St. Louis and a large number of bus and truck operators intervened at said hearing, but have not filed briefs in this court.

After an extended hearing, the Commission made certain findings and issued certain orders, but only those considered material to the issues raised on this appeal will be considered. They are:

*"Findings*

"1. Applicant is a "motor carrier" as that term is defined in the Bus and Truck Law and is subject to regulation as such unless its operations by motor vehicle are exempt under the terms of the Act.

"2. All operations of applicant by means of motor vehicles wholly within a municipal corporation are exempt from the provisions of the Bus and Truck Law.

"3. All operations of applicant by means of motor vehicles wholly within a municipal corporation and the suburban territory adjacent thereto as the term "suburban territory" is defined are exempt when the major part of such transportation system is within the limits of such municipality.

"4. All operations of applicant by means of motor vehicles extending from one city or town or express station to a point or community beyond the suburban territory is a line haul movement as distinguished from terminal zone service, and is not exempt but is subject to regulation under the Bus and Truck Law.

"5. All operations of applicant by means of motor vehicles serving different communities from so-called "key" point may or may not be exempt or subject to regulation as the facts and circumstances may show whether the places served from the "key" point are within or without the suburban territory of the "key" point.

. . . . . .

*"Orders*

"Ordered: 1. That the Railway Express Agency, incorporated, is hereby found and declared to be a "motor carrier" as defined in the Missouri Bus and Truck Law, and its operations as such are subject to all of the applicable provisions of said Act contained within Article 8, Chapter 33, R. S. Mo. 1929 (now Article 8, Chapter 35, R. S. Mo. 1939) and all rules and regulations of this Commission pertaining to the operation of motor vehicles."

In substance, appellant contends that the Commission erred in finding that it was a "motor carrier" and subject to the Missouri Bus and Truck Law, because there is no evidence in the record to support such a finding; and that the motor trucks used by it in its free pick-up and delivery service are not subject to the Bus and Truck Act because that service is provided for and regulated by sections 5291 and 5614, Revised Statutes Missouri 1939; which sections authorize the Public Service Commission to designate certain zones in which the express company must give free pick-up and delivery service. In its brief, the Commission admits that the Bus and Truck Act does not apply to the free pick-up and delivery service which is legally rendered by appellant and says that point is now moot. Since the parties are in accord on that issue, we need not discuss it further.

The Commission also found (findings 2 and 3, *supra*), that all operations of applicant by means of motor vehicle wholly within a municipal corporation and the "suburban territory" adjacent thereto, as defined, are exempt from the Bus and Truck Act. This finding is clearly sustained by the opinion of the Supreme Court in State ex rel. v. Blair, 146 S. W. (2d) 865. The decision in that case was rendered during the hearing of the present case and no doubt greatly limited the issues which had been tried by the parties before the Commission up to that time, and, no doubt, is the reason the City of St. Louis and other interested parties have not filed briefs herein.

There remains for our consideration the question of whether there is any substantial evidence in the record to support the broad finding of the Commission as set out in Finding No. 1 and Order No. 1, *supra*; the substance of which is that the appellant is a "motor carrier" as defined in the Bus and Truck Act and is subject to all of the provisions thereof.

The only evidence to which our attention is directed by the parties which indicates the appellant may operate motor vehicles beyond the pick-up and delivery zone and beyond the above-mentioned exempted territory is found in the testimony of James Crawford, Superintendent of appellant's Missouri division. He states:

"Q. What governs your policy in determining whether you will furnish pickup and delivery service? A. The volume of traffic. Under the circumstances our policy is to furnish that service wherever there is a need for it and we try to meet the need wherever it is necessary. Generally we try to cover the corporate limits in the State of Missouri. There is only one station where our pickup and delivery service is less than the corporate limits, that is Granby, Missouri. Every other station where it is provided covers the corporate limits.

"Now there is another matter. We frequently find industries just beyond the corporate limits requiring our service and we try to meet that requirement by extending our pickup and delivery limits to include those plants, likewise by describing our service as covering the corporate limits it enables us to expand with the growth of the city,

and that will take in new business and residential sections as they develop. Then we have colleges located outside of municipalities, and state institutes, to which we afford pickup and delivery of express.''

Is that bit of evidence sufficient to support the broad finding and orders of the Commission? We think not. The Commission itself makes the following observation on this point in its findings:

''The evidence in this case is general in character and is not *sufficiently specific to indicate any particular operation which we could declare to be outside of the exemption above indicated and consequently subject to regulation.* We can find and declare that all operations of the applicant by means of motor vehicles which are not included in the exemption above declared, or in some other express exemption of the statute, are subject to the Bus and Truck Act and should be legally authorized or suspended.'' (Italics ours.)

We hold that such order and finding of the Commission is too broad and not supported by any substantial evidence and is therefore unlawful and should not be sustained. Indicative of the restricted inquiry and scope of the evidence before the Commission, it is to be noted that at the very beginning of such hearing counsel for applicant stated the issue thus: ''The one principal, the single issue involved in this proceeding may be stated in the question, are the motor vehicles of the applicant used in its free pick-up and delivery service subject to the Missouri Bus and Truck Law? Our position is that they are not.'' In its brief, appellant states the issue in this manner: ''It is to be noted that the only question in issue before the court at this' time is the inquiry as to whether or not the Missouri Bus and Truck Act applies to the free pick-up and delivery service of Railway Express Agency.'' The record discloses that the hearing was conducted on that theory and the evidence developed along that line; and since the Commission concedes that issue, as above noted, we can see no reason to enter the field of speculation in order to sustain the findings and orders not supported by evidence.

We consider it proper to observe that if the applicant should engage in the transportation of goods by motor vehicle for hire over the highways of the State, beyond the free pick-up and delivery zones as defined by the Commission, and the specific exempted territory above referred to, we can see no good reason why it would not be subject to the provisions of the Bus and Truck Act; and that the Commission has the authority to inquire into the methods used by the applicant in the transportation of goods and to require it to make reasonable reports concerning the same.

There is some discussion in the briefs concerning the question of whether the findings and orders of the Commission are not in fact a declaratory judgment and questioning the authority of the Commission to make and enter such a judgment. We do not construe this proceeding as coming within the Declaratory Judgment Act, but rather an exercise of the broad powers of the Public Service Com-

mission to supervise and control the operation and business of the common carriers of this State as such powers are granted by Chapter 35, Revised Statutes Missouri 1939.

Since we find certain portions of the order unsupported by any evidence and therefore unlawful and unreasonable; and since we cannot change or modify such findings and orders, it follows that the judgment of the trial court must be reversed and remanded, with directions that the cause be remanded to the Commission for such further action as it may decide to take. [State ex rel. Detroit-Chicago Motor Bus Co. v. Public Service Commission, 23 S. W. (2d) 115; State ex rel. v. Public Service Commission, 330 Mo. 729, 51 S. W. (2d) 73.] It is so ordered.

All concur.