241 P.2d 829

**TRANSCONTINENTAL BUS SYSTEM, Inc. v. STATE CORP. COMMISSION et al.**

No. 5367.

Supreme Court of New Mexico.

Feb. 20, 1952.

Rehearing Denied March 26, 1952.

H. A. Kiker, Santa Fe, Charles C. Spann, Albuquerque, for appellant and cross-appellee.

Moses & Vaught, Albuquerque, Joseph L. Martinez, Atty. Gen., for appellees and cross-appellants.

COORS, Justice.

This is an appeal from a judgment of the District Court of Santa Fe County amending an order of the State Corporation Commission which granted a certificate of public convenience and necessity to Joseph B. Land and C. A. Bartlett, doing business as Geronimo Lines, to operate passenger and express service between Albuquerque and Las Cruces on Highway 85 and between Albuquerque and Belen over Highways 85 and 47 and all intermediate points except between Albuquerque and Isleta.

On October 21, 1946 said Land and Bartlett, doing business as Geronimo Lines, filed an application with the State Corporation Commission for a certificate of public convenience and necessity to operate a motor passenger, baggage, express and mail service between Albuquerque, New Mexico, and Anthony, New Mexico, over U. S. Highway 85 from Albuquerque to Las Cruces and over U. S. Highway 80 from Las Cruces to Anthony and additional service between Albuquerque and Belen, New Mexico, over Highway 85 and State Highway 47.

At that time plaintiff's (appellant's) predecessor in interest, The Santa Fe Trails Transportation Company, was operating a passenger, baggage and express service by motorbus between Albuquerque and Anthony under authority of the State Corporation Commission.

Months prior to the application of Geronimo Lines, Edward Percy Sanderson, doing business as Country Club Bus Lines, had filed an application to engage in the same business over part of the same route, that is, between Las Cruces and Hot Springs, and a hearing on Sanderson's application was held by the Commission and concluded on August 19, 1946, although no decision was made or announced by the Commission until December 21, 1946, at which time Sanderson was granted a certificate of public convenience and necessity to operate in

local service a passenger and baggage service between Las Cruces and Hot Springs over U. S. Highway 85, with the right to serve intermediate points including off-route points within a radius of one mile of said highway.

The State Corporation Commission began the hearing on the Land and Bartlett application on November 25, 1946, at Hot Springs and finally concluded the hearing at Santa Fe on December 19, 1946. At the conclusion of such hearing the commission requested and required counsel for interested parties to file written briefs upon the evidence taken and the law. Appellant's predecessor in interest, The Santa Fe Trails Transportation Company, and said Sanderson had notice of such hearing and were present and took part therein as protestants. The transcript of the hearing on the Land and Bartlett application comprised 2162 pages and was not transcribed and filed with the Commission for more than four months after the hearing closed on December 19, 1946. The said protestants at the said hearing on the Land and Bartlett application did, both orally and by written motions before any testimony was taken, pray for a continuance of the hearing until a decision on the prior application of Sanderson, which had been heard by the Commission in August, had been made by the Commission and the extent of service, if any, of Sanderson could be observed and considered and an opportunity granted to

the existing carrier or carriers to show the adequacy of service being rendered after action of the Commission on the Sanderson application. The said motions were denied by the Commission and the hearing on the Land and Bartlett application continued and concluded two days before the Commission acted on the Sanderson application, granting him the certificate he had applied for many months before. The record before us clearly shows the Commission in the hearing on the Land and Bartlett application had no evidence whatever before it which it could properly or legally consider in determining what were the actual existing transportation facilities in the territory furnished and operated by Sanderson, because Sanderson was not even granted a permit until two days after all evidence in the Land and Bartlett hearing was concluded and never thereafter opened, so that when, on June 30, 1947, the Commission issued its order and granted a certificate to Land and Bartlett the Commission had no evidence before it on the actual existing transportation facilities, no evidence on how Sanderson was operating, what kind of service he was or had been rendering the public since the granting of his permit more than six months before. Yet the order of the Commission entered June 30, 1947, granting the application of Land and Bartlett and directing the issuance of the certificate, shows on its face by its very terms that the Commission took into consideration the transportation facilities being furnished by Sanderson. There being no evidence in the record touching any actual existing service rendered by Sanderson, whatever information the Commission had and considered on this matter was necessarily outside the record, without any notice to appellant and without any opportunity for appellant to know, prepare or meet such issues or matters considered by the Commission in reaching its decision.

The order entered by the State Corporation Commission, dated June 30, 1947, upon the Land and Bartlett application, eliminating the title and the signatures, reads as follows:

"Order

"This matter having been fully heard, and the Commission having considered briefs of all interested parties and official transcripts and exhibits filed, and

"It appearing that, since the close of the hearing in this case, the Commission has granted a Certificate to Edward Percy Sanderson, dba Country Club Bus Line, to operate a passenger service between Las Cruces, New Mexico, and Hot Springs, New Mexico, in local service; the fact does not remove the inadequacy of existing services between Albuquerque, New Mexico, and Las Cruces, New Mexico, as said carrier would still be subject to an interchange of traffic at Hot Springs. The Applicant proposes a through local service, the record

in the case supports the conclusion and the public is entitled to an adequate through local service between Albuquerque, New Mexico, and Las Cruces, New Mexico; and

"It further appearing, from all the facts established in the record, that the service provided by the present transportation facilities in the territory are not reasonably adequate or satisfactory, and that an existing public need has been shown by the Applicant for the establishment of an additional through local service between Albuquerque, New Mexico, and Las Cruces, New Mexico, and between Belen, New Mexico, and Albuquerque, New Mexico, over the routes as set out in the record herein; and

"It further appearing that the service proposed by the Applicant will not deplete or impair the revenues of existing carriers in the territory, the Commission finds that public convenience and necessity require the service proposed; therefore,

"It is hereby ordered that a Certificate of Public Convenience and Necessity be granted the Applicant as follows: Passenger and express service between Albuquerque, New Mexico, and Las Cruces, New Mexico, over U. S. Highway 85 and between Albuquerque, New Mexico, and Belen, New Mexico, over U. S. Highway 85 and State Highway No. 47, as set out in the application. The applicant shall serve all intermediate points except between Albuquerque, New Mexico, and Isleta, New Mexico, and intermediate points.

"Done in the Offices of the State Corporation Commission, Santa Fe, New Mexico, this 30th day of June, 1947."

Thereafter this action was filed by predecessor of appellant, The Santa Fe Trails Transportation Company, and Sanderson, doing business as Country Club Bus Lines, against the Corporation Commission and its members for the purpose of vacating and setting aside the said order and enjoining the defendants from enforcing the same. The material allegation in the complaint is that the said order of the State Corporation Commission is unreasonable or unlawful. This action, it is admitted by all parties, was filed by virtue of the power and authority conferred upon the District Court of Santa Fe County by the provisions of Sec. 68–1363, N.M.S.A. 1941. The material parts of this section of the statute, as far as this appeal is concerned, read as follows:

"(a) Any motor carrier and any other person in interest being dissatisfied with any order or determination of the commission, not removable to the Supreme Court of the state of New Mexico under the provisions of section 7, article 11 of the Constitution of the state of New Mexico, may commence an action in the district court for Santa Fe County against the commission as defend-

ant, to vacate and set aside such order or determination, on the ground that it is unlawful, or unreasonable. In any such proceeding the court may grant relief by injunction, mandamus or other extraordinary remedy. * * *."

Later, Sanderson, having sold his rights under the certificate issued to him, was permitted by order of court to withdraw from the case. A bill of particulars was filed by plaintiff stating in detail the various grounds and reasons for its contention that the order of the Commission of June 30, 1947 was unlawful or unreasonable and such of these as we think are controlling in the case will be herein later mentioned or discussed. The District Court of Santa Fe County had before it the records and transcript of testimony and all other documents and instruments introduced in the hearing before the State Corporation Commission. After plaintiff and defendants had filed their respective requested findings of fact and conclusions of law, the District Court filed its own decision, containing the court's findings of fact and conclusions of law and, on July 21, 1950, entered its final judgment, which in parts material to this appeal reads as follows:

"It is, therefore, ordered that the Order of the State Corporation Commission in the above entitled matter be amended to read as follows, to-wit:

" 'Before the State Corporation Commission Motor Transportation Department

" 'In the Matter of the Application of Joseph B. Land and C. A. Bartlett, dba Geronimo Lines, Albuquerque, New Mexico, for a Certificate of Public Convenience and Necessity to operate a passenger, baggage, express and mail service between Albuquerque, New Mexico, on the one hand and Anthony, New Mexico, on the other, over U. S. Highway 85, Albuquerque to Las Cruces, New Mexico, thence over U. S. Highway No. 80 to the New Mexico-Texas State line at Anthony, New Mexico, serving all intermediate points, and also between Albuquerque, New Mexico, and Belen, New Mexico, over certain designated highways, all as is more particularly shown by the application. } Docket No. 2225

" 'Order

" 'This matter having been fully heard, and the Commission having considered briefs of all interested parties and official transcripts and exhibits filed, and

" 'It appearing that, since the close of the hearing in this case, the Commission has granted a Certificate to Edward Percy Sanderson, dba Country Club Bus Line, to operate a passenger service between Las Cruces, New Mexico, and Hot Springs, New Mexico, in local service. The appli-

cant proposes a through local service, the record in the case supports the conclusion and the public is entitled to an adequate through local service between Albuquerque, New Mexico, and Las Cruces, New Mexico; and

" 'It further appearing, from all the facts established in the record, that the service provided by the present transportation facilities in the territory are not reasonably adequate or satisfactory, and that an existing public need has been shown by the Applicant for the establishment of an additional through local service between Albuquerque, New Mexico, and Las Cruces, New Mexico, and between Belen, New Mexico, and Albuquerque, New Mexico, over the routes as set out in the record herein; and

" 'It further appearing that the service proposed by the Applicant will not deplete or impair the revenues of existing carriers in the territory, the Commission finds that public convenience and necessity require the service proposed; therefore,

" 'It is hereby ordered that a Certificate of Public Convenience and Necessity be granted the Applicant as follows: Passenger and express service between Albuquerque, New Mexico, and Las Cruces, New Mexico, over U. S. Highway 85 and between Albuquerque, New Mexico, and Belen, New Mexico, over U. S. Highway 85 and State Highway No. 47, as set out in the application. The Applicant shall serve all intermediate points except between Albuquerque, New Mexico, and Isleta, New Mexico, and intermediate points, and except between Las Cruces, New Mexico, and Hot Springs, New Mexico, and intermediate points.

" 'Done in the Offices of the State Corporation Commission, Santa Fe, New Mexico, this 30th day of June, 1947.

" 's/ Eugene Allison, Chairman

s/ Don R. Casados, Commissioner

s/ Dan R. Sedillo, Commissioner

" '(Seal)

Attest:

s/ Lorenzo R. Burciaga

·  Chief Clerk'

"It is further ordered, adjudged and decreed that the said Corporation Commission and its members, Eugene Allison, Dan R. Sedillo and Ingram B. Pickett, be, and they hereby are, ordered to amend the records of their office so as to conform with the above Order.

"s/David W. Carmody,
District Judge."

It is seen by comparing this judgment of the District Court with the former order of the Commission that the District Court amended the order of the Commission by eliminating from the Commission's former order in the second paragraph, after the words "and Hot Springs, New Mexico, in local service;" the following lines: "The fact does not remove the inadequacy of

existing services between Albuquerque, New Mexico, and Las Cruces, New Mexico, as said carrier would still be subject to an interchange of traffic at Hot Springs", and that the Court in its judgment added to the end of the next to last paragraph of the former order of the Commission, "and except between Las Cruces, New Mexico, and Hot Springs, New Mexico, and intermediate points".

These constituted material modifications and amendments of the Commission's order. The order of the Commission had granted Land and Bartlett the right to operate through and local service over the entire route and intermediate points but the Court's order amended it so as to prevent them from operating local service between Hot Springs and Las Cruces and intermediate points.

In its findings of fact and conclusions of law made by the Court prior to the entry of judgment we find the following:

"Finding 22. There is no substantial evidence in the record to support the finding of the Corporation Commission in its order of June 30, 1947 relating to the certificate issued to Edward Percy Sanderson, dba Country Club Bus Lines.

"Finding 23. That in its order of June 30, 1947 on the Land-Bartlett application the State Corporation Commission of New Mexico found that public convenience and necessity required an additional through local service between Albuquerque, New Mexico, and Las Cruces, New Mexico, and between Belen, New Mexico, and Albuquerque, New Mexico, over the proposed route and that the record in the above entitled cause contained substantial evidence in support thereof *except for the portion of said route between Las Cruces, New Mexico, and Hot Springs, New Mexico.* (Emphasis ours.)

"Conclusion of Law 7. That said order of the State Corporation Commission of June 30, 1947, was based in part upon findings made which were not supported by evidence before the Commission.

"Conclusion of Law 8. That the order of the State Corporation Commission referred to herein is lawful and reasonable except insofar as it allows local service between Las Cruces, New Mexico, and Hot Springs, New Mexico, and as to this, said order is invalid."

These findings and conclusions clearly show that the Court determined that the order of the Commission was only lawful in part and unlawful in part and the Court in its judgment attempted to separate the lawful and reasonable from those parts which were unlawful or unreasonable.

Appellant makes numerous assignments of error, all of which are not necessary to be taken up at this time. Point II made by appellant in its brief is as follows: "The trial court was without jurisdiction to

amend or modify the order of the Commission in a proceeding brought under Section 68-1363, N.M. Statutes. (Assignments of error 4, 6, 8, 9)."

[1, 2] The State Corporation Commission in these matters is an administrative board exercising a legislative function which courts are without power to control and review except by express constitutional or statutory authority. There are a few States having statutes that grant general appellate jurisdiction to the courts concerning orders of administrative boards such as the State Corporation Commission and in such States, construing such statutes giving general appellate jurisdiction, the courts have held that they have the same jurisdiction to hear and determine the appeals as in other civil cases. However, we find that in those States having statutes similar to ours where a court is allowed to review the action of the Commission, the court is limited in the exercise of its powers to those expressly delegated in the statute. Under such statutes the court is not authorized to retry the case or even take the record of it as it is and substitute its judgment for that of the administrative body, but is limited in its judicial function to determine whether or not the action or order of the commission is lawful and reasonable. If the court so finds, it can only affirm the commission and dismiss the action brought before it by the plaintiff, but if it finds the action or the order of the commission either unlawful or unreasonable, it is its duty to vacate and set aside such order. Under the decisions following this rule the courts have held that to vacate and set aside means to vacate and set aside en toto, that the court is powerless to change, modify or amend an order by holding part of it lawful and reasonable and another part or parts unlawful or unreasonable. This construction, we believe, is followed by practically all of the courts in States having any statutes similar to ours. One of the best considered cases upon this question is that of Brotherhood of Railroad Trainmen v. Elgin, J. & E. Ry. Co., 374 Ill. 60, 28 N.E.2d 97, 99, wherein the Supreme Court of Illinois says in construing a similar statute to ours:

"We have recently held that the Commerce Commission must conform its orders to the specific requirements and limitations of the act of the legislature from which its authority is derived. Rockwell Lime Co. v. Commerce Comm., 373 Ill. 309, 26 N.E.2d 99. Similarly, the circuit court, upon an appeal from an order of the commission, exercises a statutory, and not a general appellate jurisdiction, and is restricted in the exercise of its powers, including the orders it may enter, to those expressly delegated. (citing cases). The only issue presented for its consideration is the reasonableness and lawfulness of the commission's order, upon which issue the

court's inquiry is confined to the jurisdiction of the commission, the sufficiency of the evidence, and the preservation of constitutional rights. (citing cases). Additional evidence may not be considered, and the court is without authority to try the case anew upon the record, to substitute its judgment for that of the commission, or in any manner to modify or revise the commission's order. (citing cases). Unless the case is remanded as provided by the statute, namely, if it appears that the commission failed to receive evidence properly proffered, the court is permitted to follow but one of two authorized courses. If the order of the commission is lawful and reasonable, it must be confirmed, if it is not, it must be set aside. (citing cases).

* * * * * * ·

"The argument of the plaintiff supporting the propriety of the order of the circuit court is, in final analysis, that the confirmation of a severable part of the commission's order, and a reversal as to the other portion, is within the limitation that the court must either set aside or confirm. In reality, an examination discloses that the portions referred to are not independent and severable, but are interdependent both in grammatical construction and legal effect. Apart from this, however, only one order of the commission, and upon it only one issue was presented for review, and the jurisdiction of the court does not extend to a determination of its separate divisions, but only to the decision of the commission as an integrated entity. The consideration of each paragraph, or portion of a paragraph of the commission's order, as a decision complete within itself or the expression of the court's decision in terms other than of amendment, does not avoid the inescapable conclusion that the circuit court has limited, diminished, and changed the form and effect, and, therefore, has actually modified and revised the order of the commission. We see no reason for changing our views as expressed in People [ex rel. Nelson Bros, etc.] v. Fisher [373 Ill. 228, 25 N.E.2d 785]."

This decision has been followed continuously in Illinois as is shown by later cases such as Illinois Commerce Comm. v. N. Y. Central Ry. Co., 398 Ill. 11, 75 N.E.2d 411, 415, where it is said: " * * * the court in reviewing an order of the Commerce Commission must either confirm or set aside the order as a whole; and where the court reverses the order because a part of the same is invalid, it need not consider the validity of any other part of the order, since the invalidity of a part renders the entire order void. (citing cases.) * * "

Likewise, the Supreme Court of Illinois, in the late case decided in 1948 entitled Gulf Transport Co. v. Illinois Commerce Comm., 402 Ill. 11, 83 N.E.2d 336, 345, announced the same rule as follows:

"* * * the court on review must either confirm or set aside the order as a whole, since the invalidity of a part renders the entire order void."

This rule is followed in numerous other decisions such as State ex rel. Anderson v. Pub. Serv. Comm., 234 Mo.App. 470, 134 S.W. 1069; Id., 348 Mo. 613, 154 S.W.2d 777; State ex rel. Interstate Transit Lines v. Public Serv. Comm., 237 Mo.App. 554, 132 S.W.2d 1082. See also State ex rel. Mo. Pac. R. Co. v. P. S. C., Mo., 37 S.W. 2d 576, 75 A.L.R. 232 and Mountain States Tel. & Tel. Co. v. Pub. Serv. Comm., 107 Utah 502, 155 P.2d 184. State ex rel. Ry. Express Agency, Inc., v. Pub. Serv. Comm., 237 Mo.App. 420, 169 S.W.2d 88, 91, was an action brought to set aside an order of the Public Service Commission. The trial court sustained the order and on appeal the Court of Appeals reversed it for the reason that certain findings of the commission were not supported by the evidence and therefore certain portions of the order were unlawful and unreasonable. The Court said: "* * * since we cannot change or modify such findings and orders, it follows that the judgment of the trial court must be reversed".

This court in the case of Harris v. State Corp. Commission, 46 N.M. 352, 129 P.2d 323, has held that under Sec. 68–1363, supra, the trial court has no jurisdiction to hear additional evidence or to try the case de novo but that jurisdiction is confined to the sole question of whether the order of the Commission is unlawful or unreasonable and this must be determined upon the record made before the Commission.

To permit the court to amend or modify an order of an administrative agency is repugnant to the fundamental law providing for separation of powers of executive, legislative and judicial departments of our government. The administrative board or tribunal acts in a legislative capacity and the trial court acts in a judicial capacity. To allow a court to amend or modify an order of our State Corporation Commission amounts to a substitution of the judgment of the court for that of the Commission and the court in such a case would be acting legislatively and not judicially. See Seward v. Denver & R. G. Ry. Co., 17 N.M. 557, 131 P. 980, 46 L.R.A.,N.S., 242, and Seaberg v. Raton Public Service Co., 36 N.M. 59, 8 P.2d 100. In the recent case of Yarbrough v. Montoya, 54 N.M. 91, 214 P.2d 769, which was an appeal from a decision of the chief of the State Liquor Control Division, we discussed the power of courts over decisions of administrative agencies and held the court's authority was limited to reversing such a decision when it was arbitrary, capricious, unreasonable or unlawful.

Answering the appellant, appellees in their brief contend that the trial court had jurisdiction to amend or modify the order of the Commission in an action brought un-

der Sec. 16–1363, supra, and rely solely for the judicial authority upon the case decided by this court on August 3, 1949, entitled State ex rel. Transcontinental Bus Service v. Carmody, 53 N.M. 367, 208 P.2d 1073, 1078. That action was brought before this court by the present appellant asking for a writ of prohibition against District Judge David W. Carmody, Judge of the District Court of Santa Fe County, before whom this action was pending. Such prohibition proceeding involved the same action as is now before this court upon appeal. The Judge of the District Court had heard and considered the case and, following a hearing in which the files of the State Corporation Commission were introduced into evidence, including a transcript of the testimony taken before the Commission, briefs having been filed, the cause was taken under advisement by the judge. Thereafter, he advised counsel for both sides "of his purpose to remand the cause to the Corporation Commission for further hearing on the question of the adequacy of existing facilities over the routes in question." This informal announcement by the court apparently indicated that the court doubted whether the record in the case made before the State Corporation Commission supported or justified the final order entered by the Commission in the hearing. Upon learning of the court's intention to remand the cause to the Corporation Commission for further hearing, the relator, who is the appellant here, sought in this court a writ of prohibition against the respondent, District Judge, upon two grounds: (a) that the respondent was about to exceed his jurisdiction in granting a remand to the Commission for further hearing, and (b) that we should prohibit the District Judge in exercise of our superintending control over district courts, to prevent error reasonably calculated to work great and irreparable harm to relator. We are not concerned here with the second ground which was the exercise of this court's superintending control over the district courts, but are only interested in the first ground raised. The question before the court in the prohibition case then was whether or not the trial court had authority to remand the cause to the State Corporation Commission for the taking of further evidence or whether it was required only to determine whether the order of the Commission was unlawful or unreasonable. In its opinion in the prohibition action this court discusses at considerable length the statute and the former cases of this court dealing with the various questions arising under the statutes and the Constitution giving the Corporation Commission authority over public carriers, etc., their powers and duties in connection with hearings for permits to carriers, the statutes allowing suits to be filed in the District Court, to vacate and set aside such orders, and we now desire to affirm the law as announced

in such former opinion of this court in the prohibition case, excepting as to two sentences found in that decision which we feel were wholly unnecessary to a decision of the case but which were misleading dicta and did not announce the correct rule of law, but, rather, the very opposite. This court in that case correctly said:

"Accordingly, we had no difficulty in holding the review under the statute must be confined to settling the question of law specified in the statute—the lawfulness and reasonableness of the order. * * *

"It will be apparent from what has been said that, as we view the matter, the respondent as trial judge could not properly remand the cause to the Corporation Commission for the taking of additional evidence. He could only determine the questioned order to be reasonable or unreasonable, lawful, or unlawful, on the record made before the Commission and approve, or disapprove, the same accordingly."

The opinion further reads: *"To be sure, he might conclude the order was reasonable and lawful, in part, and invalid, in part. In such event, he could amend the order so as to approve the valid part only. 1941 Comp., § 68–1364, L.1933, c. 154, § 52.* Such action, however, must rest upon the record made before the Commission. There is no authority in the statute for taking additional evidence, either before the Commission through a remand, or before the district court itself. (Citing cases)." (Italics ours.)

■ .That portion the quoted part of this court's opinion which is underscored is that which we have referred to as being mere dicta but clearly wrong, and we realize that it probably influenced the trial court in amending the order of the Commission by eliminating material parts thereof and also adding to the Commission's order in other respects. While this is regretted, it is incumbent upon this court to correct the mistake formerly made so that the lower courts and the bar may clearly know the function and the power of the lower courts in proceedings of this kind in the future. This court in such opinion, immediately following the erroneous dicta, cites for its authority to amend the Commission's order Sec. 68-1364, N.M.S.A.1941. A careful examination of this section of the statute clearly shows that it confers no power or jurisdiction upon the District Court of Santa Fe County or any other court with reference to such actions but is merely a statutory limitation requiring that actions such as this must be filed within ninety days after the entry of an order by the Commission. It is true that this section of the statute reads: "Every action to vacate or amend any determination or order of the commission * * * shall be taken or exercised within ninety [90] days after the entry or rendition of such order * * *."

The word "amend" is found in this section but this is the section which merely limits the time to file the action and is not the section of the statute which grants a party dissatisfied with any order of the Commission the right to file the action in the District Court and defines and limits the powers of the District Courts in such action "to vacate and set aside such order or determination, on the ground that it is unlawful, or unreasonable." The only section granting this right to file the action is Sec. 68–1363, supra.

The appellees in their brief, citing as their authority only the case of State ex rel. v. Carmody, supra, admit that the law as announced by the decisions of many other states having similar statutes does not allow any amendments to be made by the courts but contend that our court announced a different rule in the case of State ex rel. v. Carmody, supra. The appellees' whole argument in the case upon this point is based upon the erroneous dicta consisting of the few lines above pointed out.

■ The judgment of the District Court of Santa Fe County entered herein, amending in material respects the order of the Corporation Commission, was in violation of the provisions of Sec. 68–1363, supra. The court had no power or jurisdiction to enter the judgment or to compel the State Corporation Commission to enter an order dictated by the court which materially modified, altered and amended the previous order of the Commission. The court's power was limited either to dismiss the cause or to adjudge the order of the Commission unlawful or unreasonable and vacate and set aside the same. This, of course, does not prevent the trial court from making findings of fact and conclusions of law which might point out the reasons or grounds for the court's finding or concluding that the order of the Commission was unlawful or unreasonable, which in the present case the court did conclude with reference to material portions of the order. The action of the trial court in finding and concluding that part of the order was unlawful was equivalent to finding the whole order unlawful and the only consistent judgment which the court could enter would have been one vacating and setting aside the order of the Commission and granting such relief by injunction, mandamus or other extraordinary remedy as might be necessary or proper.

The contentions of appellant covered by its Point III and Point IV contained in its brief will be discussed together as argument on these points overlaps considerably. The said Points III and IV of appellant's brief are set forth as follows:

"Point III. The present certificate was issued in violation of Section 68–1308, which directs and requires that the Corporation Commission take into consideration exist-

ing transportation facilities in the territory for which a certificate is sought before granting a certificate. (Assignments of Error 1–2–3–4–5–6–7–8.)

"Point IV. Appellant was not afforded a hearing within the meaning of Section 68–1308, N.M.Statutes Annotated and the due process clause of the Constitution. (Assignments of Error 1–2–3–8–9.)"

Of course, the power and authority of the State Corporation Commission must be found in the Constitution and statutes of New Mexico. The statutes providing for hearings before the Commission, upon application of persons seeking a permit to operate as common carriers, contain rules governing such hearings and directions and regulations to be followed by the Commission in such hearings. These statutes indicate the purpose of the hearing, the matters that must be considered by the Commission in reaching decisions before issuing certificates and generally, and sometimes specifically, to define what kind of a hearing the applicant and protestant or other interested parties are entitled to before the Commission. Let us examine Sec. 68–1308, N.M. S.A.1941, which in part reads as follows: "It shall be unlawful for any common motor carrier to operate within this state without first having obtained from the commission a certificate of public convenience and necessity. The commission, upon the filing of an application for such certificate, shall fix a time and place for hearing thereon, which shall be not less than ten [10] days after such filing. The commission shall cause notice of such hearing to be served at least five [5] days before the hearing upon any officer or owner of every common carrier that is operating, or has applied for a certificate to operate, in the territory proposed to be served by the applicant, * * *. Before granting a certificate to a common motor carrier, the commission shall take into consideration existing transportation facilities in the territory for which a certificate is sought, and in case it finds from the evidence that the service furnished by existing transportation facilities is reasonably adequate, the commission shall not grant such certificate. * * *"

It will be noted that this section requires that "before granting a certificate to a common motor carrier, *the commission shall take into consideration existing transportation facilities in the territory* for which a certificate is sought". And this section also requires "in case it finds from the evidence that the service furnished by existing transportation facilities is reasonably adequate, the commission shall not grant such certificate."

Under this provision of the statute the Commission has no authority to grant a certificate unless it first takes into consideration existing transportation facilities and,

unless it has evidence on the existing transportation facilities, it would have no valid or legal method or right of determining whether or not the service furnished by existing transportation facilities is reasonably adequate. If the existing transportation facilities are reasonably adequate the Commission has no power to grant a certificate to another carrier. Recalling the facts as herein first related, the Commission closed the hearing on the Land and Bartlett application on December 19, 1946, two days before it granted an application to Sanderson to operate as a carrier from Hot Springs to Las Cruces and at intermediate points, which covered a large part of the territory already served by appellant and sought to be served by Land and Bartlett, and the Commission did not grant the application of Land and Bartlett until more than six months thereafter, to-wit, on June 30, 1947. Between the time it closed the hearing on the Land and Bartlett application and the time it granted their application the conditions had materially changed through the action of the Commission itself. On December 21, 1946 it had granted Sanderson an application to operate in a large part of the territory but there was no evidence in the record on the Land and Bartlett application of any of the facts with reference to the Sanderson operation prior to the time the certificate of June 30, 1947 was issued. The Commission issued the Land and Bartlett application without any legal evidence of any nature whatsoever as to what were all the existing transportation facilities of the territory, which essentially included the facilities being furnished and operated by Sanderson. This the Commission did in spite of the provision of the statute requiring that before granting any certificate the Commission shall take into consideration existing transportation facilities and in spite of the provision of the statutes requiring it to find from the evidence whether the service furnished by existing transportation facilities (which certainly means the facilities furnished by all carriers holding permits) is reasonably adequate. The appellant and Sanderson at the beginning of the Land and Bartlett hearing had by both oral and written motion before the Commission prayed for a continuance of the hearing until a decision on the application of Sanderson had been made and the extent of the service of Sanderson could be observed and considered and an opportunity given to the existing carrier or carriers to show the adequacy of service being rendered after action of the Commission on the Sanderson application. Thus, the appellant and Sanderson presented this matter squarely to the Commission, but their motions were denied.

The lower court in its Finding of Fact No. 16 said: "16. That said Order of June 30th, 1947, granting said Certificate, was made and entered by the State Corporation Commission without further hearing as to

the effect of the operation of Edward Percy Sanderson dba Country Club Bus Lines, pursuant to certificate granted on December 21st, 1946."

In its Finding of Fact No. 19 the trial court says: "19. That the record of proceedings had before the State Corporation Commission of New Mexico on the Land-Bartlett application contains substantial evidence to show that the service furnished by existing transportation facilities in the area sought to be served was not reasonably adequate."

While this last finding of the court may have been technically correct, it is very misleading and, in fact, incorrect because it fails to disclose the entire truth with reference to the record before the court. This finding of fact says the records of the proceedings had before the Corporation Commission contained substantial evidence but it fails to say that such record before the Commission was closed two days before a competitor was granted a certificate over a substantial part of the route and more than six months before any decision was reached in the hearing under consideration and that the record necessarily did not show all of the service furnished by existing transportation facilities because it was closed two days prior to the time Sanderson was granted his certificate.

The District Court's Finding of Fact No. 20 is a finding that is not in com-pliance with what is required in the statute though the phraseology may imply that it is such, but the finding is either misleading or immaterial. It reads as follows: "20. That the record before the Court in the above entitled cause establishes that the Corporation Commission of the State of New Mexico did take into consideration the effect of the Certificate to Edward Percy Sanderson, d/b/a/ Country Club Bus Lines, upon existing transportation facilities in the territory affected prior to the issuance of its order in the matter of the application of Joseph B. Land and C. A. Bartlett, dated June 30, 1947."

It will be noted that the court says the Commission *did take into consideration the effect of the certificate to Edward Percy Sanderson upon existing transportation facilities prior to the issuance of its order in the matter of the application of Land and Bartlett dated June 30, 1947*. The statute does not mention anything about taking into consideration the effect of the certificate upon existing facilities. It says the Commission *shall take into consideration existing transportation facilities so that it can find from the service furnished by existing facilities if they are reasonably adequate*. The issuance of the certificate alone does not show what the existing operations are, that is, what the actual existing transportation facilities are, which the statute requires to be shown and considered

by the Commission before it reaches a decision.

The appellees strenuously contend that the Commission is only required to consider the existing transportation facilities at the time the evidence is introduced in a hearing and that anything that occurs after the Commission has concluded the hearing is immaterial and cannot be taken into consideration. Such argument might be appropriate under ordinary circumstances but under the facts and circumstances as disclosed by the record in this case such an argument has no merit although the trial court upheld this contention of appellees in the court's Conclusion of Law No. 2, which is as follows: "2. That that portion of Section 68–1308, N.M.S.A., 1941 Annotation, which provides as follows: 'Before granting a certificate to a common motor carrier the Commission shall take into consideration existing transportation facilities in the territory for which a certificate is sought, and in case it finds from the evidence that the service furnished by existing transportation facilities is reasonably adequate the Commission shall not grant such certificate', relates to service furnished by existing transportation facilities at the time of the hearing held upon an application for a certificate of public convenience and necessity and not to existing transportation facilities at the time of the issuance of the order of the Commission subsequent to the conclusion of the hearing on an application."

In most ordinary circumstances the existing transportation facilities in a territory would be the same at the time of hearing for an additional permit as they would be at the time of the decision of the Commission to either grant or refuse the application for such a permit, so that the matter would be of no consequence. The spirit and the letter of this section which we are discussing, No. 68–1308, supra, definitely requires something to be done by the Commission before granting any certificate and that is that it shall take into consideration existing transportation facilities in the territory, and in case it finds from the evidence that the service furnished by existing transportation facilities is reasonably adequate the Commission cannot grant any such additional certificate. The law announced in said Conclusion of Law No. 2 of the court would ignore and violate the clear purpose and intent of the statute when applied to the present case. The record before the lower court was clear that Sanderson, a competitor over a large part of the route or territory served, had been granted a permit right after the close of the hearing and the record was concluded on the Land and Bartlett application and more than six months before the order entered upon such Land and Bartlett application. The court therefore knew that

such record could not possibly have had any evidence in it concerning what type, kind, or extent of service was actually being rendered by Sanderson, whether it was for the convenience of the public, was satisfactory and efficient or not. There was nothing in the evidence to show after Sanderson was granted his permit whether the facilities of all carriers operating were reasonably adequate or not. The lower court knew from the record that the Corporation Commission was well aware of the changed conditions occurring right after the close of the hearing on the Land and 'Bartlett application because the Commission itself issued the permit to the competitor, Sanderson, and placed him in the field. The Commission being aware that the existing transportation facilities in the field have been changed by its own action, it certainly cannot be allowed to ignore these facts or these changed conditions and decide an application upon evidence which does not show or reflect the changed existing transportation facilities.

The order of the Commission of June 30, 1947, granting the application to Land and Bartlett, mentions the Sanderson application which it had granted more than six months prior thereto and intimates that it had taken into consideration the Sanderson operation before granting the Land and Bartlett certificate. If its intimation that it took the operation into consideration was correct, it is an admission that the Commission considered and acted upon information outside the record in the Land and Bartlett hearing and that its decision was based, at least in part, on outside information it had no right to consider. The Commission is authorized only to make its decision upon the evidence adduced at the hearing and made a part of the record. In either instance the Commission violated the statute and failed to give the appellant a fair and full hearing. The appellant was entitled to such a hearing as the statute provides. It was entitled to a hearing as provided by law, conducted fairly and impartially, with an opportunity to introduce evidence to refute or modify any matters or facts which the Commission might take into consideration in reaching its decision. When the Commission refused to continue the hearing and therefore refused any opportunity to appellant to take any evidence on the Sanderson operation, it deprived the appellant of showing material facts which is was entitled to bring into the hearing; and if the Commission, although not hearing any evidence, considered matters that it itself might have learned, this likewise was entirely improper and deprived the appellant of any opportunity to present its evidence in protest and any facts arising from the Sanderson operation in support of its objection to the granting of further permit to Land and Bartlett in the territory.

Appellees contend that inasmuch as the new permit granted Sanderson covered only a portion of the territory it was not important and that the Commission, without considering evidence showing its operation or its facilities, was authorized to grant the other permit to Land and Bartlett, covering the entire route. The permit to Sanderson covered a substantial part of the route and may well have affected the competition and the transportation facilities of the route, and the evidence thereof should have been a part of the record in the hearing. If the Commission could arbitrarily, as we think it did in this case, refuse to allow or hear any evidence with reference to a new carrier it had admitted to the field long prior to its action upon the Land and Bartlett application, it could have on the same principle admitted several competitors in the field between the date of the hearing and the date of the order on the Land and Bartlett application and still contend that it had complied with the law because the record that it had closed prior to the granting of any additional permits showed nothing with reference to the operation of the various new permittees. The unfairness and the unlawfulness of such action by the Commission is very obvious.

In all jurisdictions it is recognized that the very purpose of enacting statutes regulating carriers is not only to promote convenience and satisfactory service for the public but to prevent ruinous competition which results in unsatisfactory public service. The statutes were not passed to foster competition but to regulate and control transportation facilities in the public interest and with consideration being given to the rights of existing carriers. Sec. 68–1301, N.M.S.A. 1941, sets out that it shall be the purpose of the motor carrier act to "carefully preserve, foster and regulate transportation and permit the coordination of transportation facilities."

Section 68–1306 of our statutes invests the Commission with power and authority and makes it its duty "to regulate the facilities, accounts, service and safety of operation * * * so as to prevent unnecessary duplication of service between common motor carriers".

The trial court in its Finding No. 22 stated that there was no evidence in the record regarding Sanderson's certificate, but the Commission in its order of June 30, 1947 referred to the Sanderson application and apparently seemed to take the operation into consideration in that order. The appellant, however, was never advised or appraised of the fact that the Commission would consider the Sanderson operation nor was the appellant given any opportunity to offer evidence in explanation or rebuttal thereof.

We believe that the action of the Commission in this hearing was such

that the appellant was deprived of a fair and full hearing and was deprived of the hearing which under 'the law it was entitled to. We believe that the authorities sustain that there is no hearing when an administrative commission so acts. It was held in I. C. C. v. Louisville & N. R. Co., 227 U.S. 88, 33 S.Ct. 185, 187, 57 L.Ed. 431, at page 434, as follows: " * * * there is no hearing when the party does not know what evidence is offered or considered, and is not given an opportunity to test, explain, or refute. * * *"

In Hoffman v. Pub. Serv. Comm., 99 Pa. Super. 417, it was held that all parties must be fully appraised of the evidence submitted *or to be considered and must be given an opportunity to cross-examine witnesses, inspect documents, and offer evidence* in explanation or rebuttal.

In Wigmore on Evidence, 3d Ed., Sec. 1805, at page 257, we find the following: "It ought to be elementary, as it is fundamental, that they (meaning administrative officials) should make no use of relevant matters in their personal (supposed) knowledge, or in their official documents, without stating them and putting them into the record during the hearing. Otherwise, the party affected has no fair chance to test and perhaps dispute that supposed knowledge; nor is the appellant tribunal furnished with a dependable record."

This doctrine has been approved by us in Woody v. Denver & R. G. Ry. Co., 17

N.M. 686, 132 P. 250, 47 A.L.R.,N.S., 974. In that case we refused to enforce an order of the Corporation Commission because the railroad had not been advised of the order the Commission proposed to make and had had no opportunity to prepare evidence to refute the claims being made against it.

An article in 34 Ill.Law Review, 690, states in substance that any decision of an administrative agency will be set aside if it is made to appear that the decision was issued without due notice and a reasonable opportunity having been afforded the aggrieved party for a full and fair hearing. Justice Bickley in the opinion in Harris v. State Corp. Commission, 46 N.M. 352, 129 P.2d 323, stated that the above language was in the main supported by the New Mexico decisions.

The rule seems to be that an administrative agency cannot take notice of results reached in other cases unless its doing so is made to appear in the record and the facts thus noted are specified so that matters of law are saved. U. S. v. Baltimore & O. S. W. R. R., 226 U.S. 14, 33 S.Ct. 5, 57 L.Ed. 104; State of Washington ex rel. Ore. Ry. v. Fairchild, 224 U.S. 510, 32 S.Ct. 535, 56 L.Ed. 863; Steamship Canal Co. v. Garson, 43 Nev. 298, 185 P. 801, 1119; U. S. v. Abilene & S. R. Co., 44 S.Ct. 565, 265 U.S. 274, 68 L.Ed. 1022.

The only way the Commission could have given the appellant a full and complete hearing under all the facts and circumstances involved in this case would have been for the Commission to have continued the matter until the Sanderson operation could have been observed and evidence introduced concerning the same. Appellant tried to have this done but the Commission refused. The Commission at no time disclosed that it was going to consider the Sanderson operation and effectively precluded the applicant from furnishing any evidence or explain or refute anything the Commission may have had in mind with reference to the Sanderson operation. We believe the action of the State Corporation Commission as hereinabove stated was in disregard and violation of the said statutes and in violation of the due process of law clauses of both the State and Federal Constitutions and that such action of the Commission was unlawful and unreasonable. The order of the Commission of June 30, 1947 should have been, by the trial court, vacated and set aside and the court should have granted relief by injunction, mandamus or other extraordinary remedy to compel the State Corporation Commission to cancel and rescind any certificate of convenience and necessity issued to Joseph B. Land and C. A. Bartlett, doing business as Geronimo Lines, by virtue of the unlawful order of June 30, 1947.

In closing, it is well to add what already must be apparent, that even if it were correct as said in our opinion in State ex rel. v. Carmody, supra, that an order of the Commission could be amended by the district court by approving the valid portion only, and we are satisfied it is not, we still should feel called upon to reverse this judgment pursuant to our disposition of Points III and IV, the discussion of which has just been concluded.

We should also make mention of the fact that a motion to dismiss this appeal was heretofore filed herein by appellees and action on same ordered held in suspense pending a hearing on the merits. Indeed, the motion itself was largely concerned with the merits of the appeal. In addition, the appellees have themselves prosecuted a cross-appeal complaining in certain particulars of the judgment entered. As to both the motion to dismiss and the cross-appeal, each is either disposed of adversely to appellees, or a decision thereof rendered unnecessary, by what we have said in reaching the conclusions announced. Hence, further notice will not be taken of them.

The judgment of the District Court will be reversed and the cause remanded with instructions to vacate and set aside such judgment and enter a judgment vacating and setting aside the order of the State Corporation Commission of June 30, 1947 and to grant any further relief by injunc-

tion, mandamus or other extraordinary remedy as may be necessary or proper not inconsistent with the views herein expressed.

It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.